## THE STATE v. ABRAHAM POPICK.

Argued June 13, 1912—Decided November 11, 1912.

1. On the trial of an indictment, where the act done by the defendant, and charged to be criminal, may reasonably be innocent, and is criminal only when performed with a certain intent, or with knowledge of a certain fact, other acts of the defendant, though criminal, may be adduced to prove that he had such specific knowledge or intent..

2. The reception of stolen goods is embraced in this category.

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the plaintiff in error, *Henry Pomerehne.*

For the state, *Wilbur A. Mott,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error, who was a bicycle dealer in Newark, was convicted on two indictments, each charging him with receiving stolen goods. The property stolen consisted of two bicycles, one belonging to Adam Smsel, and the other to Clarence Bohnenberger. The indictments were tried together. The case made by the state was that these bicycles had been stolen by a youth named Chambosse, and sold by him to the defendant. For the purpose of showing that the latter knew he was purchasing stolen property the state proved that Chambosse had sold to him five or six other bicycles which he had stolen. This testimony was objected to by the defendant on the ground that it was incompetent, on the trial of an indictment charging one crime, to introduce evidence tending to prove that the defendant had been guilty of other crimes, even though they were similar in

character. The objection was overruled by the trial court, and this judicial action is made the basis of the sole assignment of error relied upon by counsel for the defendant.

It is true that the rule of evidence generally applicable upon the question of the admissibility of testimony such as that which was made the subject of objection is as counsel for the defendant stated as his ground for making it. But this rule has numerous exceptions; and one of them is that when the act done by the defendant, and charged to be criminal, may reasonably be innocent, and is criminal only when performed with a certain intent, or with knowledge of a certain fact, other acts of the defendant, though criminal, may be adduced to prove that he had such specific knowledge or intent; and in this category is embraced the reception of stolen goods. *State* v. *Raymond,* 24 *Vroom* 265.

The testimony which was objected to, being within the exception to the rule, was properly admitted, and the judgment under review will be affirmed.