# STATE v. ASHER ROSENBERG.[1]

February 23, 1923.

No. 23,053.

**Act admitting women to petit juries valid.**
1.  Chapter 365, Laws of 1921, which defines a petit jury as a body of 12 men or women or both, is constitutional and valid

**Evidence of receipt of stolen goods admissible.**
2.  On trial of a defendant charged with feloniously receiving stolen goods, it is proper to receive evidence that defendant received stolen goods from the same party on other occasions, either to show a system of operation, or to show guilty knowledge of the accused.

**Indictment sustained by proof that person named as owner was bailee.**
3.  A charge of ownership in an indictment is sustained by proof that the person charged as owner was a lawful bailee.

**Receiver of stolen goods not an accomplice.**
4.  A person who feloniously receives stolen goods is not an accomplice with the thief who steals them.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of receiving stolen goods. Defendant interposed a challenge to the panel of the trial jurors on the ground that Laws 1921, chapter 365, was unconstitutional. The court, Dickinson, J., answered the challenge in the negative. Defendant was tried in the district court for that county before Bardwell, J., and a jury which found him guilty as charged in the indictment. From the judgment and sentence, he appealed.   Affirmed.

*Donald G. Hughes,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Floyd B. Olson,* County Attorney, for respondent.

[1]Reported in 192 N. W. 194.

HALLAM, J.

Defendant was convicted of the crime of receiving stolen goods from two men, Wall and Willard. He appeals from the judgment and sentence.

1. The jury that convicted him was composed of both women and men. Defendant contends that women are not eligible for jury service under the Constitution of this state, and that therefore the jury was not a lawful jury. G. S. 1913, § 7960, defined a petit jury as a body of "twelve men." Chapter 365, p. 549, Laws 1921, amends this so as to read "twelve men or women or both." The contention is that this statute, insofar as it qualifies women as petit jurors, is violative of section 4, article 1, of the state Constitution, which provides that "the right of trial by jury shall remain inviolate." Defendant contends that this implies a requirement that the jury be composed entirely of men.

It has been held in this state, as elsewhere, that the constitutional guaranty of "trial by jury" carries with it certain elements by implication. Trial by jury means trial by jury as that right was understood at common law. It harks back to the provision of Magna Carta that no freeman shall be hurt, in either his person or property unless by lawful judgment of his peers, and "trial by jury" means a trial by jurors who are of like condition and equality with the accused in the state. 16 R. C. L. 183; State v. Hamey, 168 Mo. 167, 67 S. W. 620, 57 L. R. A. 846. Other essential elements implied are number, impartiality and unanimity. Unless otherwise provided, "the jury must consist of 12; they must be impartial and indifferent between the parties; and their verdict must be unanimous." Lommen v. Minneapolis Gaslight Co. 65 Minn. 196, 209, 68 N. W. 53, 55, 33 L. R. A. 437, 60 Am. St. 450. But no particular qualification of jurors has ever been considered as of the essence of trial by jury.

At common law, juries were made up of freemen of the same class as the accused and early statutes which have become part of our common law required they should be property holders and freeholders. 3 Blackstone, 362. Trial by jury is probably guaranteed by the Constitution of every state in the Union, and yet, so far as we know, no state adheres to the qualifications that prevailed under the

English law, common or statute. The argument of defendant would require us to exact these requirements as part of our Constitution. This would be unthinkable. The fact is such requirements as that a juror shall be a voter, People v. Considine, 105 Mich. 149, 63 N. W. 196; State v. Jackson, 27 Kan. 581, 41 Am. Rep. 424; Territory v. Evans, 2 Idaho 651, 23 Pac. 232, 7 L. R. A. 646, or possessed of certain educational qualifications, Sutton v. Fox, 55 Wis. 531, 132 N. W. 477, 42 Am. Rep. 744; Lyles v. The State, 41 Tex. 172, 19 Am. Rep. 38, or of reasonable age, residence, moral or physical qualifications, 16 R. C. L. 225-228, are held to be consistent with the constitutional requirement of "trial by jury."

The Nineteenth Amendment provides that "the right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of sex." Since its adoption many states have passed statutes permitting or requiring of women jury service. Our statute prior to 1921 provided that every qualified voter should be liable to jury service. G. S. 1913, §§ 7962, 9099.

Some decisions hold that when state statutes provide that jurors shall be selected from the body of electors, the effect of the Nineteenth Amendment is to enlarge the eligible list ipso facto so as to include women. State v. Walker, 192 Iowa 823, 185 N. W. 619; Commonwealth v. Maxwell, 271 Pa. 378, 114 Atl. 825, 16 A. L. R. 1134. This was the view of the United States Supreme Court of the effect of the Fifteenth Amendment on the eligibility of negroes to jury service. Neal v. Delaware, 103 U. S. 370, 26 L. ed. 567. And the same principle has been applied in some states where state constitutions have enlarged the suffrage. Parus v. District Court, 42 Nev. 229, 174 Pac. 706, 4 A. L. R. 140; even though the state Constitution provided for trial by a jury of "twelve men." People v. Barltz, 212 Mich. 580, 180 N. W. 423, 12 A. L. R. 520, followed in People v. Merhige, 219 Mich. 95, 188 N. W. 454.

Other decisions hold that the Nineteenth Amendment does not operate, ipso facto, to render women eligible to jury service, but that, since electors have in the past, often by express constitutional or statutory provision, and, generally, by common understanding, been

regarded as competent for jury service, the extension of the suffrage to women authorizes the legislature to make a like enlargement of the class of citizens competent for jury service as well. In re Opinion of the Justices, 237 Mass. 591, 130 N. E. 685; State v. James, 96 N. J. Law 132, 114 Atl. 553, 16 A. L. R. 1141; see also In re Mana, 178 Cal. 213, 172 Pac. 986, L. R. A. 1918E, 771; though in State v. Mittle (S. C.) 113 S. E. 335, it was held that under a constitutional provision defining a jury as made up of "twelve men," the legislature could not make women eligible.

So far as we can ascertain, no court has held, since the enactment of the Nineteenth Amendment, that a statute making women eligible as jurors violates a constitutional provision which simply guarantees right of "trial by jury." In our opinion such a statute is clearly within the constitutional power of the legislature. The qualifications of jurors is so far a matter of legislative control, that the legislature may make any electors eligible to jury service. Women may be elected to the judicial office. It would be a strange anomaly if they could not sit as jurors. We hold that the statute of 1921 enacting that petit juries may be composed of 12 men or women or both is constitutional and valid.

2. Testimony was properly received that defendant had purchased stolen goods on other occasions of Wall and Willard. This evidence so connected the other transactions with the one here involved as to tend to prove a system or plan of operation, and the evidence was admissible as corroborative proof under the doctrine of State v. Monroe, 142 Minn. 394, 172 N. W. 313. Such evidence was likewise admissible for the kindred purpose of showing guilty knowledge and intent of the accused in the purchase of the goods which are the subject of the charge. People v. Fryer, 266 Ill. 217, 107 N. E. 134; Sapir v. United States, 174 Fed. 219, 98 C. C. A. 227; State v. Ward, 49 Conn. 429; Beuchert v. State, 165 Ind. 523, 76 N. E. 111, 6 Ann. Cas. 914; State v. Popick, 83 N. J. Law, 318, 84 Atl. 1061; State v. Cohen, 254 Mo. 437, 162 S. W. 216, Ann. Cas. 1915C, 86.

Defendant claims a variance in that the indictment charges ownership in the railroad company and the proof disclosed ownership in

the Wear-U-Well Shoe Company. The goods were taken from the lawful possession of the railroad company. The variance was immaterial. Much liberality is allowed in proof of the allegations of ownership of goods stolen. Seldom is it material who the owner is so long as the defendant is not. Proof that the person alleged to be owner was a lawful bailee is considered sufficient. 25 Cyc. 89; Commonwealth v. Butts, 124 Mass. 449; Edson v. State, 148 Ind. 283, 47 N. E. 625; People v. Nelson, 56 Cal. 77.

4. It was not error to refuse to charge as to the law of accomplices. Wall and Willard, the thieves, were not accomplices with defendant the party who, it is alleged, feloniously received the goods. Birdsong v. State, 120 Ga. 850, 48 S. E. 329; Miller v. State, 165 Ind. 566, 76 N. E. 245; State v. Feinberg, 145 Iowa, 329, 124 N. W. 208; State v. Boyd, 195 Iowa 1091, 191 N. W. 84.

Evidence of Wall and Willard as to the details of the theft went to the point that the goods were stolen and this was an essential element in the case. The evidence was proper.

Judgment and sentence affirmed.