## TYNAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 24, 1924. Rehearing Denied May 5, 1924.)

### No. 4148.

1. **Jury ⬤⟿39—Alaska statute permitting women to serve on grand and petit juries held valid.**

    Laws Alaska 1923, c. 68, providing that every person without regard to sex, having certain qualifications, shall be competent to act as grand and petit jurors, *held* within the power of the Legislature under Organic Act Alaska, § 9 (Comp. St. § 3536), notwithstanding Act Cong. March 3, 1899, tit. 2, §§ 11, 119, and Organic Act Alaska, § 3 (Comp. St. § 3530), and not in conflict with Const. U. S. Amend. 6, giving the right of trial by jury.

2. **Indictment and information ⬤⟿119—Recital that sworn statement annexed to information held mere surplusage.**

    Where an information in the usual form, in charging the crime, added, "that as shown by the sworn information of R. H. Humber and ———. hereunto annexed," but no such sworn information was annexed, and none existed, *held*, that the added words were mere surplusage, and did not vitiate the information otherwise sufficient.

3. **Searches and seizures ⬤⟿3—Search warrant for entire floor of building occupied by different tenants held valid.**

    Though a general search warrant for an entire building or floor of a building occupied by different families or tenants is ordinarily void, as not "particularly describing the place to be searched," within the Constitution and statutes, where the affidavit charged that the entire floor was used for the unlawful purposes stated, and the court was warranted in so finding, a search warrant for the entire floor did in fact disclose the place to be searched, with sufficient particularity.

In Error to the District Court of the United States for the Territory of Alaska, Division No. 1; Thos. M. Reed, Judge.

Charles H. Tynan was convicted under the Alaska Bone Dry Law, and he brings error. Affirmed.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. H. Ziegler, of Ketchikan, Alaska, and R. W. Jennings, of San Francisco, Cal., for plaintiff in error.

A. G. Shoup, U. S. Atty., of Juneau, Alaska.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. [1] This is a writ of error to review a judgment of conviction under the Alaska Bone Dry Law (39 Stat. 903). The assignments of error are directed against the jury as impaneled, against the information, and against testimony obtained through an unlawful search and seizure.

The jury trying the case was composed partly of women, and the plaintiff in error contends that he was entitled to a common-law jury, composed wholly of men. Section 9 of the Organic Act of the territory of Alaska (37 Stat. 514 [Comp. St. § 3536]), provides that the legislative power shall extend to all rightful subjects of legislation, not inconsistent with the Constitution and laws of the United States, with certain exceptions not material to our present inquiry. Chapter 68 of the Session Laws of Alaska 1923 provides that every person, without regard to sex, possessing certain qualifications, shall be competent to act as a grand or petit juror. To define the qualification of jurors and prescribe the mode of their selection is, no doubt, a rightful subject of legislation, and the act of 1923 is clearly valid, unless inconsistent with the Constitution and laws of the United States. Clinton v. Englebrecht, 13 Wall. 434, 444, 20 L. Ed. 659. The plaintiff in error contends, however, that the act is inconsistent with both the Constitution and laws of the United States for the following reasons:

Section 11 of chapter 4 of the act to define and punish crimes in the district of Alaska, and to provide a Code of Criminal Procedure for that district (30 Stat. 1286), provides that a person is not competent to act as a grand juror unless he is a male inhabitant of the district, and section 119 of chapter 14 provides that a trial juror shall possess the same qualifications. Section 3 of the Organic Act of the territory, supra (Comp. St. § 3530), provides that all laws of the United States, theretofore passed, establishing the executive and judicial departments in Alaska, shall continue in full force and effect, until amended or repealed by act of Congress. It is now claimed that by reason of this latter provision, the territorial Legislature could not amend or repeal the provision relating to the qualifications of grand and petit jurors, found in the act defining crimes and providing a Code of Criminal Procedure. It seems quite apparent, however, that the latter act has nothing whatever to do with the establishment of the executive or judicial departments in the territory of Alaska, and therefore does not limit in any way the power of the Legislature to amend or repeal any of the provisions of the Criminal Code or of the Code of Criminal Procedure.

The contention that the act is inconsistent with the Constitution of the United States is based upon the claim that a common-law jury must necessarily consist of men only, and that women are incompetent. The competency of women to sit on grand and petit juries has been the

subject of much consideration in recent years, and more especially since the adoption of the Nineteenth Amendment to the Constitution of the United States. So far as we are advised it has been uniformly held that to prescribe the qualifications of jurors and the mode of their selection, is a proper and rightful subject of legislation, and that acts similar to the Alaska act in question do not violate constitutional provisions similar in all material respects to the provision of the Sixth Amendment to the Constitution of the United States. People v. Barltz, 212 Mich. 580, 180 N. W. 423, 12 A. L. R. 520; State v. James, 96 N. J. Law, 132, 114 Atl. 553, 16 A. L. R. 1141; In re Mana, 178 Cal. 213, 172 Pac. 986, L. R. A. 1918E, 771; State v. Walker, 192 Iowa, 823, 185 N. W. 619; State v. Rosenberg (Minn.) 192 N. W. 194; Commonwealth v. Maxwell, 271 Pa. 378, 114 Atl. 825, 16 A. L. R. 1134; Parus v. District Court, 42 Nev. 229, 174 Pac. 706, 4 A. L. R. 140; In re Opinion of the Justices, 237 Mass. 591, 130 N. E. 685; State v. Chase, 106 Or. 263, 211 Pac. 920. Little can be added to what has been already said in these cases, and we will content ourselves by simply announcing our concurrence in the conclusion there reached.

[2] The information is in the usual form in such cases, but in charging the crime adds, "that as shown by the sworn information of R. H. Humber and ——— hereunto annexed," whereas no such sworn information was annexed, and, so far as the record discloses, none such existed. It is unfortunate that prosecuting officers cannot follow the simple, well-recognized and approved forms in such cases, but the added words are mere surplusage, and do not vitiate an information which is in all other respects sufficient.

[3] Before the arrest of the plaintiff in error, the United States marshal obtained a search warrant against the entire upstairs of the Hippodrome building at Ketchikan. Upon the execution of the warrant, a considerable quantity of intoxicating liquor was found in room No. 2, of the upstairs of that building, occupied by plaintiff in error. He now claims that this room had been his home for two years prior to the search, was so occupied by him at that time, and that the search was therefore unreasonable, and the search warrant void. No doubt a general search warrant for an entire building, or floor of a building, occupied by different families or different tenants, is ordinarily null and void. As said by the court in United States v. Mitchell (D. C.) 274 Fed. 128:

"In the present instance we have an all-devouring warrant issued against an apartment house where many families reside. This of itself is sufficient to condemn it, as it was never claimed that the whole premises should be searched. 'Particularly describing the place to be searched' is the language of the Constitution, and 'particularly describing the property and the place to be searched' is the language of the act."

But this case falls within the exception there stated. Here the affidavit charged that the entire floor was used for the unlawful purposes stated, and the court was warranted in so finding. Under such circumstances the warrant did, in fact, describe the place to be searched and the things to be seized, with all the particularity possible, and with all the particularity required by either the Constitution or the statute.

We find no error in the record, and the judgment is affirmed.