## STATE v. EDWARD SABATINI.[1]

April 14, 1927.

No. 26,006.

**In criminal prosecution against town supervisor for auditing false claim evidence of audit of other false claims admissible.**

Where a town supervisor is on trial for knowingly and fraudulently auditing and allowing a false claim against the town, which claim was in fact for material furnished for an improvement to his own building, evidence that he audited and allowed other false claims for labor and material furnished at about the same time for this same improvement was properly received as bearing on the question of guilty knowledge.

Criminal Law, 16 C. J. p. 586 n. 98; p. 587 n. 4; p. 589 n. 13, 14.

Defendant was convicted in the district court for St. Louis county of feloniously auditing and allowing a false claim against the town of which he was a supervisor. He appealed from an order, Freeman, J., denying his motion for a new trial. Affirmed.

*Gannon, Strizich & Farnand,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, *Mason M. Forbes,* County Attorney, and *Victor H. Johnson,* Assistant County Attorney, for the state.

TAYLOR, C.

Defendant was one of the supervisors of the town of Stuntz in the county of St. Louis, and was convicted of the crime of wilfully, knowingly and feloniously auditing and allowing a false claim

[1]Reported in 213 N. W. 552.

against that town in his capacity as such supervisor. He appealed from an order denying a new trial.

The evidence to prove that defendant had knowingly and fraudulently audited and allowed the false claim charged in the indictment is ample; but he contends that he is entitled to a new trial because the court permitted the prosecution to present evidence that he had audited and allowed other false claims against the town.

The town of Stuntz is located on the iron range and includes the village of Hibbing. It seems to have been making various improvements in the construction of which it purchased considerable quantities of material and employed a number of workmen. Defendant had a dwelling house in the village of Hibbing which he remodeled and enlarged at an expense of several thousand dollars. The work was begun in the latter part of May, 1924, and extended through the month of June. The false claim set forth in the indictment is an item of $479.61 for material furnished to and used by defendant in remodeling and enlarging this building. The bill for this material was presented to the town as a claim for material furnished to the town. Defendant was a member of the finance committee of the town board and as such approved this claim as a lawful charge against the town, and as a member of the town board took part in allowing it and causing it to be paid out of town funds.

The prosecution was permitted to present proof of two other claims for material furnished for this same building during this same period which were presented to the town board as claims against the town and were approved and allowed as such. The prosecution was also permitted to present proof that the work of reconstructing this building was performed in part by workmen in the employ of the town and that they were paid for such work by the town upon payrolls approved and ordered paid by the town board.

The record gives in detail the facts relating to these different matters and also the claims of defendant in respect to them, but a further statement is unnecessary for the question presented is whether receiving evidence that defendant was a knowing party to the allowance of such false claims constitutes reversible error.

In offering this evidence the prosecution stated that the purpose was to show a series of such transactions at about the same time for the purpose of showing "guilty knowledge and intent." The court instructed the jury that they could consider this evidence only for the purpose of determining whether defendant knew that the claim charged in the indictment was false and fraudulent when he voted for the allowance of that claim, and that they could consider it for no other purpose.

It is the general rule that where a person is on trial for a criminal offense, evidence that he committed other criminal offenses not connected with the one for which he is on trial is inadmissible. But the modifications of this rule, or apparent exceptions to it, are as well settled as the rule itself. All the claims in question were for labor and material furnished within a period of about six weeks for the reconstruction of defendant's building; and we think the evidence was clearly admissible for the purpose for which it was offered under the doctrine of such cases as State v. Ames, 90 Minn. 183, 96 N. W. 330; State v. Monroe, 142 Minn. 394, 172 N. W. 313; State v. Ettenberg, 145 Minn. 39, 176 N. W. 171; State v. Hacker, 153 Minn. 538, 191 N. W. 37; State v. Rosenberg, 155 Minn. 37, 192 N. W. 194; State v. Clark, 155 Minn. 117, 192 N. W. 737; State v. Horr, 163 Minn. 141, 203 N. W. 979.

Defendant criticizes the charge on the ground that it tended to confuse the issues in the minds of the jury. The charge was clear and submitted the case to the jury fairly and impartially. We find no error in it, and no ground for saying that it tended to confuse the issues in the minds of the jury. The order denying a new trial is affirmed.