THE STATE OF WYOMING,

*Plaintiff.*

vs.

FRANCIS K. YAZZIE,

*Defendant.*

(No. 2471; May 5th, 1950; 218 Pac. (2d) 482)

For the plaintiff the cause was submitted upon the brief and also oral argument of Lenoir Bell of Laramie, Wyoming.

For the defendant the cause was submitted upon the brief and also oral argument of G. R. McConnell of Laramie, Wyoming.

## OPINION

KIMBALL, Justice.

The case is here under Section 3-5501, C. S. 1945, for the purpose of obtaining a decision on a reversed constitutional question that arose in the district court in a criminal proceeding when defendant, a male person charged with felony, objected to the presence of women on the trial jury on the ground that the state constitution guarantees the right of trial by a jury of men only, and that Chapter 61, Laws of 1949, providing in effect that both men and women having the same qualifications are competent to act as jurors, is invalid.

The invoked constitutional provision is § 9 of Article 1: "The right of trial by jury shall remain inviolate in criminal cases, but a jury in civil cases in all courts, or in criminal cases in courts not of record, may consist of less than twelve men, as may be prescribed by law. Hereafter a grand jury may consist of twelve men, any nine of whom concurring may find an indictment, but the legislature may change, regulate or abolish the grand jury system."

The question as certified to this court is stated repetitiously in five paragraphs. We are asked:

1. Are female persons eligible to serve as petit jurors in criminal and civil cases tried before a jury in the District Courts in the State of Wyoming; and,

2. Is Chapter 61, Session Laws of Wyoming, 1949, a valid enactment of the legislature of the State of Wyoming; and,

3. Does Chapter 61, Session Laws of Wyoming, 1949, violate the provisions of the Constitution of the State of Wyoming, and, especially, Article 1, Section 9, thereof; and,

4. Is Chapter 61, Session Laws of Wyoming, 1949, void as being contrary to the provisions of the Constitution of the State of Wyoming; and,

5. Is Chapter 61, Session Laws of Wyoming, 1949, unconstitutional as being in conflict with Article 1, Section 9, of the Constitution of the State of Wyoming, in view of Article 1, Section 3, of the Constitution of the State of Wyoming?"

Our answer to questions 1 and 2 is "yes"; to 3, 4 and 5, "no".

It is contended that the first sentence of § 9 of Article 1, supra, was intended not only to preserve the right of "trial by jury", but also, by use of the word "men" in the last clause, to set up a fixed jury qualification based on sex, that cannot be altered by statute. Historical reasons are advanced to bolster the contention.

Wyoming Territory was organized in May, 1869, and the first Territorial assembly convened in October following. It passed the first jury law which was approved December 7, 1869. C. L. 1876, Ch. 69. The persons declared to be competent jurors, with exceptions that need not be stated, were resident "male citizens" having the qualifications of electors. Women were granted the rights of suffrage and to hold office by an act approved December 10, 1869, which our state legislature has proudly referred to as "the first law found anywhere in legislative history which extends the right of suffrage to women." § 49-103, C. S. 1945. In Territorial days trial by jury was a right under the Federal constitution, and the Territorial Assembly prescribed the qualification of jurors by the act of 1869 and amendments thereof, always providing, however, as the primary qualification, that the juror should be a male citizen and elector. We accept as correct the statement

in McKinney v. State, 3 Wyo. 719, 724, 30 P. 293, 295, that "women were not eligible as jurors under the territorial statutes, as the right to vote and hold office does not include the right, if right it may be termed, to serve as a juror." However, it may perhaps be safely asserted that Wyoming Territory was the first jurisdiction in which women actually served as jurors in a court of general jurisdiction. In the McKinney case, supra, at page 723, it was said: "At one time it was held by the *nisi prius* courts of the territory that women were competent jurors, but that ruling was speedily overturned by the same courts." That incident, which was in 1870, has called forth comments with details some of which may not be provable by records. See History of Women Suffrage, by Stanton et al. Vol. 3, p. 731; Arthur Train's "From the District Attorney's Office", p. 341.

The state constitution was framed by a convention and adopted by vote of the people in 1889. By § 1 of Article 6, Women's right to vote and hold office is confirmed, followed by this sentence: "Both male and female citizens of this state shall equally enjoy all civil, political and religious rights and privileges." Section 3 of Article 1, is as follows: "Since equality in the enjoyment of natural and civil rights is made sure only through political equality, the laws of this state affecting the political rights and privileges of its citizens shall be without distinction of race, color, sex, or any circumstance or condition whatsoever other than individual incompetency, or unworthiness duly ascertained by a court of competent jurisdiction."

In McKinney vs. State, supra, the question whether these constitutional provisions of their own force made women eligible for jury service was mooted and stated to be a question of "grave importance," which, however, the court was not required to decide in that case.

It has never been decided in any case, and need not be decided now. We refer to these "equality" provisions of the constitution for the purpose of emphasizing the fact the women in Wyoming are men's equals before the law. See Blackstone's Co., Book 4, pp. 349, 350; Re Mana, 178 Cal. 213, 172 P. 986, L. R. A. 1918E, 771; State v. Rosenberg, 155 Minn. 37, 19 2N. W. 194. Women now are competent jurors, usually by statute, in 38 states (including Wyoming), the District of Columbia, Alaska, the Virgin Islands, in United States courts functioning in those jurisdictions, and in England. The Judicial Council of New York state urged the passing of the statutes "to increase the reservoir from which representative jurors may be drawn" (2d Report, 1936, p. 24), and as a step "toward the general improvement of the calibre of petit jurors." (4th Report, 1938, p. 18).

We should not neglect to say that counsel in this case do not argue that women are ineligible as jurors because of any moral, intellectual or physical defect. The claim is that they cannot legally become eligible by legislative act until the constitution is amended, a procedure that has been followed in some other states, as will be noted below.

Besides § 9, Article 1, our constitution contains another section that guarantees the right of trial by jury in criminal cases. That section is similar to the 6th amendment of the Federal Constitution. It declares that the accused shall have the right, among other things, to a "trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Const. § 10, Article 1. See State v. Bolln, 10 Wyo. 439, 476, et seq. where it was said (p. 481) that the accused "is entitled only to an impartial jury of the county, and, within those constitutional limitations, the legislature may define the qualifications of

jurors, make such regulations as it may deem wise to determine who are qualified, and provide for their selection and attendance."

After the adoption of the constitution, the state jury statutes continued to prescribe male citizenship as the primary qualification of jurors, until the effective date of Ch. 61, Laws of 1949.

The cases in regard to women on juries are collected in a note to State vs. Emery, 224 N. C. 581, 31 S. E. 2d 858, 157 A. L. R. 441. See, also, "The Woman Juror," by Miller, 2 Ore. L. Rev. 30. An examination of the cases seems to justify these general observations, to which there may be exceptions that have escaped our notice: The constitution in each jurisdiction contained a provision retaining the right to jury trial either as it existed under the common law or the law of the colony or territory at the time of the adoption of the constitution. The common or statute law required that jurors be of the male sex either by referring to them as men or males, or as electors who at the time were men only. Some of the cases arose after women had become electors in the particular jurisdiction; most of them after the adoption of the 19th amendment to the Federal constitution. With one exception, no case has held since the adoption of the 19th amendment, that a statute making women eligible as jurors is in violation of the constitutional guaranty of the right of trial by jury. The one exception is State v. Emery, supra, decided by a divided court in 1944, under rather peculiar constitutional and statutory provisions. We understand that the law of North Carolina as established by the decision has been changed by a constitutional amendment.

Many cases refer to the right to trial by jury as a survival of the right as recognized at common law, and mention the fact that at common law women, except to

try an issue in regard to pregnancy, were not competent jurors. Blackstone (Book 3, p. 362) says this was on account of defect of sex—they were not men. This defect at common law prevented women from taking any part in the administration of justice either as judges or jurors. Robinson's Case, 131 Mass. 376, 377. It had an even broader effect. In the History of English Law, by Pollack and Maitland (2d ed. v. 1, p. 482) it is said: "No textwriter, no statute, ever makes any general statement as to the position of women . . . . public law gives a woman no rights and exacts of her no duties, save that of paying taxes and performing such services as can be performed by deputy." We think the defect, which was removed in England in 1919 by a statute called "Sex Disqualification Removal Act," has no place in the law of our constitution. The failure of the legislature to put women in the class of persons competent for jury service until 1949 must be attributed to reasons of convenience or as a favor to the excluded persons, and not because of defect of sex.

Some constitutions provide simply that the right of trial by jury shall be inviolate, or guarantee the right to trial by an impartial jury, without any reference to a jury of men; and in those jurisdictions it is easy to find many cases, not involving any question in regard to the qualifications of individual jurors, in which it is said that the constitution guarantees trial by a jury of twelve "men". Often in the same cases, or other cases in the same jurisdictions, it is said that the legislature has the power to prescribe grounds of qualification or disqualification that do not impair the right to obtain an impartial jury. Trial by jury in United States courts is guaranteed by the 6th amendment of the Federal constitution, and the Supreme Court in the past has said in many cases that the jury is a "body of men". See Strauder v. West Virginia, 100 U. S. 303, 308; Capital Traction Co. v. Hof, 174 U. S. 1, 13-16; Patton v.

United States, 281 U. S. 276, 286. However, women who are qualified jurors under Territorial or State statutes, are competent jurors in the Federal courts. Tynan v. United States, 297 Fed. 177; United States v. Wood, 299 U. S. 123, 145.

A rather hasty examination of the bill of rights as incorporated in some of the constitutions of other states discloses that the provisions of our § 9, Article 1, that the right of trial by jury shall remain inviolate, followed by a proviso that in some cases the jury may consist of less than twelve "men", is not unique. It evidently was copied from the Colorado constitution of 1876, § 23, Article 2. The word "men" appears in similar context in the constitutions of Iowa, § 9, Article 1; North Dakota, § 7, Article 1; Michigan, § 19, Article 2; New Jersey, § 7, Article 1; Illinois, § 5, Article 2; and in former constitutions of Nebraska (1875, § 6, Article 1) and Missouri (1875, § 28, Article 2).

In five of these states there are decisions holding that the word "men" was not inserted for the purpose of limiting the legislative power to determine that women are competent jurors. State v. Norton, 64 N. Dak. 675, 684, 255 N. W. 787; State v. Walker, 192 Ia. 823, 835, 185 N. W. 619; People v. Barltz, 212 Mich. 580, 180 N. W. 423, 12 A. L. R. 520; People v. Johnson, 372 Ill. 11, 22 N. E. 2d 679; State v. James, 96 N. J. L. 132, 114 Atl. 553, 16 A. L. R. 1141.

In State v. James, supra, the New Jersey court quoted from § 7, Article 1 of the state constitution only the first clause, "that the right of a trial by jury shall remain inviolate," omitting as irrelevant the following clause in regard to the trial of some cases by a jury of six "men".

The question we are now discussing does not appear to have arisen in Nebraska, Colorado or Missouri. We

assume that under statutes in each of those states men only were eligible jurors until after the above-cited section of the constitution of that state was changed by amendment or new constitution in 1920, 1944 and 1945, respectively. No constitution has been amended for the purpose of excluding women from juries.

We think it is the sensible view, supported by authority, that the clause in which the word "men" appears was not intended to change, or to prevent the legislature from changing, the statutes then in effect in regard to the persons competent for jury service. The clause probably would not be in the constitution at all, except for the purpose of authorizing the legislature to avoid the necessity of having twelve jurors in all jury cases.

The reserved questions are answered in accordance with this opinion, and the case remanded.

RINER, CH. J. and BLUME, J., concur.