In re HOUSE BILL NO. 145.
In re FRY.

No. 35247. Oct. 30, 1951.

As amended Nov. 27, 1951.

*237 P. 2d 624.*

Mildred Brooks Fitch, Jewell Russell Mann, Norma Wheaton, and Dorothy Young, Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., at the request of the court for the State.

ARNOLD, C. J. This action was filed in this court under and by virtue of specific authority provided in House Bill No. 145, 23rd Legislature, to test the constitutionality of said act. In response to the request of the court the Attorney General appears in this case.

By 38 O.S. 1941 §10, it was provided by the first Legislature after the adoption of the Constitution:

"All male citizens residing in this state having the qualifications of electors, . . . , are competent jurors to serve on . . . grand and petit juries within their counties . . . ."

This section was immaterially amended in 1937. 38 O.S. 1941 §28 (Laws 1949, Senate Bill 155, the original "Jury Wheel Act") was adopted repealing section 10, supra, as amended, and re-enacting it without change. House Bill No. 145 was enacted by the 1951 Legislature whereby section 28, supra, was amended to provide:

"All citizens residing in this State, having the qualifications of electors, . . . , are competent jurors to serve on . . . grand and petit juries within their counties . . . ."

The amendment merely struck the word "male" from the qualifications theretofore fixed for jury service, so that now any citizen possessing the

other qualifications prescribed is subject to jury service and qualified to serve on juries if section 28, supra, as amended, is constitutional.

The Attorney General argues that our Constitution on the question under consideration is self-executing and mandatory and restricts jury service to males by the language used in article II, sections 18 and 19:

"A grand jury shall be composed of twelve men, any nine of whom concurring may find an indictment or true bill. . . ."

"The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men; but, in county courts and courts not of record, a jury shall consist of six men. . . ."

The word "men" is not elsewhere used in the Constitution.

The petitioner says the word "men" used in the foregoing constitutional provisions was used in its generic sense, and therefore includes "women" or "females".

Since the authority of the Legislature extends to all rightful subjects of legislation not withdrawn by the Constitution or inconsistent therewith, it is correctly conceded by the parties that the so-called general qualifications of jurors may be and were prescribed by the Legislature by 38 O.S. 1941 §10, passed in 1908. By the Act jury service was restricted to male citizens possessing the qualifications of electors. There would be no occasion for an interpretation of our constitutional provisions, supra, until the Legislature made provision for service on juries by women by eliminating the statutory restrictions or qualifications which had disqualified them since the adoption of section 10, supra. The parties correctly assert that the question is, Was the word "men" in article II, sections 18 and 19, of the Constitution, used in a generic or singular sense. State v. Norton (1934) 64 N. D. 675, 255 N. W. 787.

Section 2 of the Schedule to the Constitution provides:

"All laws in force in the Territory of Oklahoma at the time of the admission of the State into the Union, which are not repugnant to this Constitution, and which are not locally inapplicable, shall be extended to and remain in force in the State of Oklahoma until they expire by their own limitation or are altered or repealed by law."

The laws of the Territory of Oklahoma at the adoption of the Constitution provided: "Words used in the masculine gender include the feminine and neuter." This provision of the territorial laws was adopted by our first Legislature in 1908 (section 24, Title 25, O.S. 1941.)

The Constitution provides, article III, section 1:

"The qualified electors of the State shall be male citizens of the United States, male citizens of the State, and male persons of Indian descent native of the United States. . . ."

This section of the Constitution was amended on November 5, 1918, and now provides:

"Qualified electors of this State shall be citizens of the United States, citizens of the State, including persons of Indian descent. . . ."

In this respect the Constitution of the United States was thereafter amended to read:

"The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of sex. . . ."

Since time out of mind, writers, even those inspired persons writing under the influence of Deity, have used the word "men" in its generic sense, referring to "mankind", "all persons", "males and females", etc. The instances are so numerous that the fact is commonly well known. Legislative bodies have done the same thing. Where the context will permit, it will be presumed that it was intended that the word "men" should be interpreted in the generic

sense. The word "male" cannot be said to include "female". The framers and adopters of the Constitution, of course, knew this. The fact that the word "men" is used with reference to jurors but the word "male" was used with reference to electors and state officials (article VI, section 3) shows that the framers and adopters knew the difference in the interpretation that could and would be given the two words.

The principal argument made by the Attorney General that the use of the word "shall" in sections 18 and 19, article II, supra, is mandatory, cannot be sustained. The mandate of sections 18 and 19, article II, goes to the securing of the inviolate right to trial by jury, the number, unanimity, and impartiality of jurors, and not to their general qualifications. Booth v. State, 67 Okla. Cr. 413, 94 P. 2d 846.

To agree with the Attorney General in his argument that these sections of the Constitution are mandatory and self-executing in any other respect than as to right of trial by jury, number, unanimity, and impartiality of jurors, would make the conclusion inescapable that the Legislature could not fix any other qualification for jury service than those mentioned in the foregoing sections. It could not prescribe qualifications as to sex, age, physical condition, professional practice, etc. Since the adoption of section 10, Title 38, O.S. 1941, by the first Legislature prescribing the general qualifications for jury service, the authority of the Legislature to fix such qualifications has never been denied.

Considering all the foregoing facts and circumstances, we must and do conclude that the word "men," used in sections 18 and 19, article II of the Constitution, was used in its generic sense. The Legislature had the authority to revise the qualifications of jurors expressed in the original statute by eliminating the disqualifications of women to serve on juries. The great weight of authority is in support of this interpretation of our Constitution and House Bill No. 145.

The latest case is the opinion of the Supreme Court of Wyoming, State v. Yazzie, 67 Wyo. 256, 218 P. 2d 482, under constitutional provisions like ours and a statutory provision designed to accomplish the same purpose as our Act of the Legislature passed in 1951. The Wyoming court held that women otherwise qualified may serve on juries. To the same effect see also: State v. Walker, 192 Iowa 823, 185 N.W. 619; State v. Hickman, 195 Iowa 765, 193 N.W. 21; State v. Norton, 64 N. D. 675, supra; State v. Rosenberg, 155 Minn. 37, 192 N. W. 194; Ex parte Mana, 178 Cal. 213, 172 P. 986; Tynan v. United States, 297 F. 177 (9 C.C.A. 1924—Alaska); State v. Chase, 106 Ore. 263, 211 P. 920; Palmer v. State, 197 Ind. 625, 150 N.E. 917; Powell v. State, 224 Ala. 540, 141 So. 201; People, etc., v. Traeger, 372 Ill. 11, 22 N.E. 2d 679; Browning v. State, 120 Ohio St. 62, 165 N.E. 566.

The act is constitutional and women possessing the other qualifications prescribed by law for jury service are qualified jurors.