**STATE ex rel. COMBS, County Atty.,**

v.

**HOPPING INV. CO. et al.**

No. 35960.

Supreme Court of Oklahoma.

April 27, 1954.

Edgar R. Boatman, County Atty., and Jerry Stone, Asst. County Atty., Okmulgee County, Okmulgee, for plaintiff in error.

Q. D. Gibbs, Okmulgee, for defendants in error.

HALLEY, Chief Justice.

This action was filed in the name of the State, on relation of the County Attorney of Okmulgee County, on January 7, 1952, against Hopping Investment Company, a trust, to recover penalties for holding real estate in that county in violation of Article 22, Section 2, Constitution of Oklahoma, and to recover the penalties provided by Section 1.23, Title 18 O.S.1951. The parties appear here and will be referred to as they appeared in the trial court.

Plaintiff alleged that the provisions of Section 1.20, Title 18 O.S.1951, where it is provided that the inhibition against a corporation holding land for more than seven years, except land within an incorporated city or town, or such as is necessary to its operations, shall not apply to one who holds "* * * as trustee of an express or testamentary trust for the benefit of natural persons; * * *", is unconstitutional because it is in violation of and an attempted enlargement by legislative enactment upon the restrictions contained in Article 22, Section 2, of the Oklahoma Constitution.

The defendants filed a general demurrer which was sustained by the court and judgment entered for defendants.

The plaintiff complains of the action of the court in sustaining the demurrer and in entering judgment for the defendants.

Under the proposition that the court erred in sustaining a demurrer to plaintiff's petition, it is claimed that the petition states a cause of action for the reason that the defendants, Hopping Investment Company, a business trust, is in fact a corporation within the constitutional definition of corporations and is, therefore, liable for the penalties imposed by law upon corporations for holding real property more than seven years, with certain exceptions.

There can be no argument against the correctness of plaintiff's contention with respect to the duty of the court in passing upon the sufficiency of a petition when challenged by demurrer. The rule is well stated in Stevenson v. Friend, County Treas., 196 Okl. 249, 165 P.2d 133, 134, where it is said:

"As against a demurrer, a petition must be liberally construed, and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom. If any fact stated therein entitles the plaintiff to any relief, the demurrer should be overruled."

Attached to plaintiff's petition is a complete copy of the declaration of trust of the Hopping Investment Company, together with all amendments thereto, the last of which expressly limits ownership of beneficial interests in the trust to those related by blood to J. S. Hopping and his surviving widow.

In support of its claim that the Hopping Investment Company is in fact a corporation, the plaintiff cites Article 9, Section 1, of the Oklahoma Constitution as follows:

"As used in this article, the term 'corporation' or 'company' shall include all associations and joint stock companies having any power or privileges, not possessed by individuals, and exclude all municipal corporations and public institutions owned or controlled by the State; * * * ."

The Hopping Investment Company contends that its creation was authorized by the provisions of Chapter 16, Senate Bill No. 39, 1919 S.L., relating to express trusts, being Title 60, Sections 171 to 174, O.S. 1951. Section 171 of that act is as follows:

"Express trusts may be created in real or personal property or both, with

power in the trustee, or a majority of the trustees, if there be more than one, to receive title to, hold, buy, sell, exchange, transfer and convey real and personal property for the use of such trust; to take, receive, invest or disburse the receipts, earnings, rents, profits or returns from the trust estate; to carry on and conduct any lawful business designated in the instrument of trust, and generally to do any lawful act in relation to such trust property which any individual owning the same absolutely might do. Laws 1919, ch. 16, p. 30, § 1."

Section 172 provides that no such express trust shall be valid unless created by a written instrument, duly executed and recorded in each county where real property conveyed to the trustee is located; or by a will duly executed and limiting duration to a definite period, not to exceed twenty-one years, or the life or lives of beneficiaries.

Section 173 provides for the succession to any trustee and Section 174 relates to liability of trust estate to third persons for acts of trustees, but that no personal liability shall attach to trustee or beneficiaries; Section 174 repeals all revised laws of 1910 inconsistent with the 1919 act. Article 22, Section 2, supra, provides in part that:

"No corporation shall be created or licensed in this State for the purpose of buying, acquiring, trading, or dealing in real estate other than real estate located in incorporated cities and towns * * * except such as shall be necessary and proper for carrying on the business for which it was chartered or licensed; * * * Provided, However, That corporations shall not be precluded from taking mortgages on real estate to secure loans or debts, or from acquiring title thereto upon foreclosure of such mortgages * * * conditioned that such corporation or corporations shall not hold such real estate for a longer period than seven years after acquiring such title: And Provided, Further, That this section shall not apply to trust companies tak-

ing only the naked title to real estate in this State as a trustee, to be held solely as security for indebtedness pursuant to such trust: * * *."

Article 5, Section 36, of our State Constitution is as follows:

"The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever."

The Legislature enacted Sections 171 to 174, inclusive, Title 60 O.S.1951, providing for express or business trusts as above outlined in 1919. It also passed in 1937 the first act providing a penalty upon corporations for holding lands for more than seven years. (This act appeared as Sections 81 to 86 l, Title 18, O.S.1941.) It was amended in 1947 and now appears as Sections 1.20 to 1.25, inclusive, Title 18 O.S.1951. Section 1.20 as as follows:

"Limitations upon real estate ownership.—a. No corporation of any sort, whether coming within the general scope of this Act or not, shall, except as herein provided, own, hold, or take any real estate located in this State outside of any incorporated city, or town, or any addition thereto.

"b. Nothing in this Act shall be construed as prohibiting the owning, holding, or taking of:

"(1) Such real estate as is necessary and proper for carrying on the business for which any corporation has been lawfully formed or domesticated in this State;

"(2) Naked title to real estate by any trust company as trustee, to be held solely as security for indebtedness pursuant to such trust or as trustee of an express or testamentary trust for the benefit of natural persons; * * *."

This act is commonly referred to as the Business Corporation Act. Section 1.20 provides a limitation upon the ownership of real estate by corporations, with certain exceptions. However, it expressly states

that such limitations upon holding real estate by a corporation shall not be construed as prohibiting the "owning, holding or taking" of real estate "* * * by any trust company as trustee, to be held solely as security for indebtedness pursuant to such trust or as trustee of an express or testamentary trust for the benefit of natural persons; * * *."

Sections 1.21 to 1.25, inclusive, provide that a violation of this law shall constitute a misdemeanor; requiring a statement of ownership to be made out and filed annually; providing a penalty for violation and the procedure for the collection thereof.

The plaintiff contends that Section 1.20 of the act just described should be held unconstitutional because it is an attempt by the Legislature "to extend and enlarge" the limitations provided in Article 22, Section 2, of our State Constitution.

Article 5, Section 36, of our State Constitution gives the Legislature authority in the language set out above. This Court stated in the case of In re House Bill No. 145, 205 Okl. 364, 237 P.2d 624, 625, as follows:

"The authority of the Legislature extends to all rightful subjects of legislation not withdrawn by the Constitution or in conflict therewith."

In the recent case of Dobbs v. Board of County Commissioners, 208 Okl. 514, 257 P.2d 802, 803, it was said:

"Our constitution vests in the legislature the supreme power to enact laws to meet the needs of the State, and its acts should be upheld unless plainly and clearly within the express prohibitions and limitations fixed by the constitution."

██ The rule is well established that penal statutes are to be strictly construed. It was said in State ex rel. Sweeney v. Oklahoma Natural Gas Corporation, 177 Okl. 62, 57 P.2d 626, 627:

"A penal statute may not be extended by construction to cover acts or omissions which are not by the express will of the Legislature made offenses, though such acts or omissions may be as vicious as those within the terms of the statute."

The question of whether the court erred in sustaining a general demurrer to plaintiff's petition depends upon whether the petition when taken as a whole, together with all inferences that may legally be drawn therefrom, states a cause of action in favor of the plaintiff and against the defendant. If the petition fails to state a cause of action, when liberally construed in favor of the plaintiff, a demurrer should be sustained. The question of sustaining the demurrer depends upon the petition before us. It has attached as exhibits the declaration of trust of the Hopping Investment Company and all amendments thereto, the last of which was adopted November 13, 1944, providing that the sole beneficiaries were the surviving wife of the founder and their two children and that no share should thereafter be transferred to or owned by any one not related by blood to J. S. Hopping and his wife. In effect that amendment makes the Hopping Investment Company "a family affair."

Unless the act of 1919, now appearing as Sections 171 to 174, inclusive, 60 O.S.1951, and Section 1.20 are invalid as violative of our State Constitution, the petition of the plaintiff was subject to demurrer. The latter section clearly provides that the law limiting the ownership of land by corporations shall not apply to a trust company which holds title to real property "* * * as trustee of an express * * * trust for the benefit of natural persons * * *." We think that the act of 1947, supra, as well as the act of 1937, clearly discloses the intention of the Legislature and its understanding of our Constitution.

Article 22, Section 2, supra, which imposes a limitation upon the holding of land by corporations does mention trust companies taking only the "naked title to real estate * * * as a trustee, to be held solely as security for indebtedness pursuant to such trust". Such holding by trusts as security for loans is not forbidden. It makes no further provision with respect to trusts holding real estate. Plaintiff argues that from the provision just quoted it must be

assumed that it was intended by the Legislature to prohibit holding by trust companies except as security for loans. We do not agree with this contention.

The Legislatures of 1919 and 1947 were clearly of the opinion that the constitutional provisions did not prohibit them from enacting laws exempting business trusts from the limitations on holding real property which are applicable to corporations.

In 1937 the Legislature enacted the first law fixing a penalty on corporations for holding lands more than seven years after the date of acquisition, and in 1947 that law was amended as Sections 1.20 to 1.25, inclusive, Title 18 O.S.1951, which expressly exempts express trusts from limitations fixed on corporations.

We think it clear the Hopping Investment Company was created under the act of 1919, supra. This trust was created in 1932. Certain lands were on that date conveyed to the sole trustee, J. S. Hopping, and from the exhibits attached to the petition the trust held real property in Okmulgee County from that date up to the date this action was filed in 1952. The cases cited by the plaintiff are largely cases holding that business trusts are liable for income tax on the same basis as corporations. This is not disputed. No case is cited expressly holding that business trusts are subject to the same limitations as corporations in holding real estate. By Section 1.20 express trusts are exempt from the penalties imposed upon corporations. To sustain the contention of the plaintiff, it would be necessary to hold unconstitutional that portion of Section 1.20 expressly exempting trusts from the limitations imposed upon corporations.

 Since the Constitution provides in Article 5, Section 36, that the authority of the Legislature shall extend to "all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever", we conclude that the enactment of Section 1.20, supra, was not in violation of Article 22, Section 2 of our Constitution.

If the inhibition applicable to corporations is not applicable to business trusts of the nature of the Hopping Investment Company, then the petition did not state a cause of action and the court committed no error in sustaining a demurrer and rendering judgment for the defendant. The judgment is therefore affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, O'NEAL and WILLIAMS, JJ., concur.

ARNOLD, J., dissents.