The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: In view of the statutory prohibition set forth in 36 O.S. 1314 [36-1314](E) and 36 O.S. 1407.1 [36-1407.1](E) of the Oklahoma Insurance Code, may a corporation Bank Holding Company create a valid business trust for the purpose of circumventing the statutory prohibition against corporate ownership of a licensed insurance agency? 36 O.S. 1314 [36-1314](E) (1971) provides: "No firm or corporation shall be licensed unless the business to be transacted thereunder is the sole purpose of the partnership agreement or articles of incorporation; provided, however, such firm or corporation may also be licensed under the provisions of Article 14 of this Code. No corporation, except a corporation also licensed under this section, shall own any stock in, or be a partner in, any corporation or a firm licensed under this section, provided, however, no corporation licensed under this section shall own or purchase the stock of more than one other corporation licensed under this section." 36 O.S. 1407.1 [36-1407.1](E) (1971) provides: "No firm or corporation shall be so licensed unless the business to be transacted thereunder is the sole purpose of the partnership agreement or articles of incorporation; provided, however, such firm or corporation may also be licensed under the provisions of Article 13 of this code. No corporation shall own any stock in, or be a partner in, any corporation or firm licensed under this section." The above sections upon plain reading prevent corporations from transacting insurance business unless such insurance business is the sole business of said corporation. 36 O.S. 1314 [36-1314](E), supra, has application to property and casualty insurance, and 36 O.S. 1407.1 [36-1407.1](E), supra, applies to life, accident and health insurance. Title 36 O.S. 101 [36-101], et seq. (1971), requires compliance with the provisions of the Insurance Code to transact insurance business in Oklahoma, thus it is readily apparent that an unlicensed corporation may not in any event own stock in a licensed corporate insurance agency and that an unlicensed corporation can not engage in the insurance business. You note in your request that the question has arisen because a non-licensed corporate entity engaged in other than the business of transacting insurance has interposed a business trust as a device to hold or own such insurance agency. Title 60 O.S. 171 [60-171], et seq. (1971), authorizes the formation in Oklahoma of express trusts which have the power to carry on and conduct any lawful business and to do any lawful act in relation to the trust property which any individual could absolutely do. It appears necessary to review the nature of a business trust in accordance with the laws of Oklahoma. Under Oklahoma law a business trust is not a corporation. Hauser v. Catlett,197 Okl. 668, 173 P.2d 728 (1946); State v. Hopping Inv. Co.,269 P.2d 997 (Okl. 1954). The facts supplied show that the beneficiary of the business trust is the corporate bank holding company. As beneficiary the bank holding company is the equitable owner of the insurance agency stock. Merchants National Bank of Aurora v. Frazier, 329 Ill. App. 191, 67 N.E.2d 611 (1946). It is the general rule of law that corporations which do not have the capacity to take and hold the property (trust res) directly cannot be beneficiaries. Case v. Kelly, 133 U.S. 21, 10 S.Ct. 216,33 L.E. 513 (1890); Scott on Trusts, 117. It is clear from review of 60 O.S. 171 [60-171], et seq., supra, and other authorities set forth heretofore, that if the settler of a business trust may not lawfully accomplish a certain purpose in its individual capacity then that same purpose may not be accomplished through the creation of a business trust. The corporate bank holding company lacks legal power to own stock of an incorporated insurance agency and thus may not create a trust to exercise such power in its behalf. It is well settled that for a trust to be valid it must be created for a lawful purpose. Reid v. Barry,93 Fla. 849, 112 So. 846. A trust created to circumvent a statutory prohibition or an attempt to defeat the public policy through a trust results in such trust being void and of no effect. Reid, supra; Bogert, Law of Trusts, 48. It is, therefore, the official opinion of the Attorney General that your question be answered in the negative. In new of the statutory prohibition set forth in 36 O.S. 1314 [36-1314](E) and 36 O.S. 1407.1 [36-1407.1](E) of the Oklahoma Insurance Code, all incorporated Bank Holding Company is prohibited from creating a business trust to own a licensed incorporated insurance agency. (RICHARD F. BERGER) (ksg)