Oscar Lonnie PARKS, Petitioner,

v.

Hon. Kenneth HUGHES, District Judge of Creek County, Oklahoma, Respondent.

No. 37409.

Supreme Court of Oklahoma.

June 4, 1957.

Don W. Walker, Sapulpa, for petitioner.

Finch & Finch, Sapulpa, for respondent.

HALLEY, Justice.

This is an action by Oscar Lonnie Parks seeking a Writ of Mandamus commanding the Honorable Kenneth Hughes, District Judge of Creek County, Oklahoma, to assign for hearing and determine the issue of accounting between Oscar Lonnie Parks and R. L. Briggs, in case No. 26,833, pending in the District Court of Creek County,

being an action in ejectment, to quiet title to land in that County and for accounting between the parties, for taxes paid, costs and rents and profits.

In that action the petitioner here, Oscar Lonnie Parks, was plaintiff and R. L. Briggs was one of the defendants and answered that he was the owner of the land and had held possession and paid taxes thereon under a re-sale tax deed since May 18, 1942, the date of the re-sale tax deed.

The petitioner here as plaintiff in the District Court action above mentioned, tendered into court, for the use and benefit of the defendant, R. L. Briggs, $250 to cover the total of taxes, penalties, interest and costs necessary for him to pay if he were redeeming the land from tax sale, by depositing such sum with the court August 4, 1950, and agreeing to pay any additional sum determined to be due.

December 17, 1948, a default judgment for the plaintiff against a second defendant, Robert M. Meith, quieting title in plaintiff as against that defendant was taken. It is not necessary to discuss this claim further.

October 19, 1950, upon a trial before respondent herein, the Honorable Kenneth Hughes, judgment was rendered in favor of the defendant, R. L. Briggs and against Oscar Lonnie Parks, quieting title to the land in R. L. Briggs and holding his possession of the land as rightful and quieting his title thereto. Under this judgment the accounting prayed for by the petitioner here, was unnecessary.

From that judgment Oscar Lonnie Parks appealed to this Court, being case No. 34,-968 in this Court, and on February 9, 1954, this Court reversed the judgment of the trial court and remanded the case to the District Court with directions, Parks v. Briggs, Okl., 268 P.2d 283. April 8, 1954, mandate was issued whereby the respondent was commanded:

"* * * to cause such reversal with directions to show of record in your court and to issue such process and take such other and further action as may be

in accord with right and justice and said opinion."

June 30, 1955, petitioner Oscar Lonnie Parks filed his motion to spread the mandate of record and for judgment thereon. This motion was presented to the trial court.

The trial court, respondent here, sustained the motion to spread the mandate of record and that judgment be entered for petitioner, Oscar Lonnie Parks, with the following limitations: (a) That a judgment be entered according to the mandate; (b) Enter an order nunc pro tunc quieting the plaintiff's title against the defendant, Meith; (c) And that pursuant to the mandate judgment be entered quieting the title of the plaintiff against the defendant Briggs and giving the plaintiff the right to immediate possession as against the defendant Briggs; and, (d) That defendant pay the costs of the action in both the trial court and the Supreme Court.

The issue of accounting was not determined at the original trial because judgment was there rendered for the defendant, Briggs. At the trial, evidence was introduced as to the rental value of the land during the years it had been in the possession of the defendant Briggs.

When the hearing was had on the motion to spread the mandate of record, the attention of the trial judge, respondent here, was called to the fact that the matter of accounting was still pending as to rental and taxes paid, but the respondent stated that he would take no action on that matter because the Supreme Court had not ordered him to do so. The issue of accounting is still pending and undisposed of and the defendant Briggs appears to be still in possession of the land.

The petitioner concedes that the defendant Briggs is entitled to have a judicial determination of the total taxes paid by him on the land while he occupied it, and is entitled to be reimbursed therefor, if in excess of the rental value of the land during his occupancy. When these sums are offset against each other the party entitled to the

excess is entitled to judgment against the other party for such excess.

■ While the opinion of the Supreme Court did not specifically mention the matter of accounting it reversed the case with directions and ordered that the trial court " * * * take such other and further action as may be in accord with right and justice and said opinion." It had decreed that the possession of the land had been wrongwully held by R. L. Briggs from 1942 to the present time, and that during these years Oscar Lonnie Parks was entitled to such possession, but had been deprived thereof. It naturally followed that the party who had wrongfully held the land and enjoyed its use should account to the rightful owner for the rental value for such years.

It was also clear that R. L. Briggs was entitled to offset against the rentals such amount as he had paid out in taxes while he was wrongfully in possession.

This Court reversed the judgment of the trial court and said:

"The judgment of the trial court is reversed, and the cause is remanded, with directions that the trial court cause entry of judgment nunc pro tunc in accord with the plaintiff's motion, and further that judgment be entered for the plaintiff quieting his title and right to possession as against the defendant Briggs."

As above pointed out the mandate directs the trial court, respondent herein:

" * * * to cause such reversal with directions to show of record in your court and to issue such process and take such other and further action as may be in accord with right and justice and said opinion."

Section 1451, 12 O.S. 1951, provides as follows:

"The writ of mandamus may be issued by the Supreme Court * * * to any inferior tribunal * * * to compel the performance of any act which the law specially enjoins as a duty * * * but though it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion."

■ In State ex rel. Smith v. District Court of Osage County, 188 Okl. 663, 112 P.2d 381, a mandamus proceeding, this Court said in the syllabus:

"When this court has determined a cause on appeal and remanded the same to the district court with specific directions, this court has jurisdiction thereafter, in its power of superintending control, Okl.St.Ann.Constitution, Art. VII, § 2, to direct further specific action in the trial court, when such further action is found to be necessary to constitute complete compliance with the former opinion and mandate, and when such further action is found to be a necessary requirement of substantial justice between the parties."

■ We conclude that respondent disregarded the clear meaning and intent of the opinion of this Court handed down February 9, 1954, whereby the judgment of the trial court was reversed with directions to enter judgment for Oscar Lonnie Parks for the land involved, quieting his title thereto and for possession. The petitioner here prayed for such judgment in his petition in the trial court and had also prayed "for reasonable rental value of the above described land from and since the 1st day of July, 1942, with interest on each annual rental at 6% per annum", for costs and "for all other relief to which he is entitled."

Petitioner introduced evidence in the trial as to the rental value of the land while it was occupied by R. L. Briggs, and the taxes paid by him during such years are matters of record. The respondent said in regard to the matter of accounting sought by petitioner as follows:

"* * * On this question of reimbursement of taxes or rental value, I think the Supreme Court had the same jurisdiction on that as they did the rest and when they didn't do it their failure

to do it is in effect a holding that nothing should be done about it. To me they don't have jurisdiction to do part of it and not do the rest of it."

This statement of respondent was made in spite of the mandate of this Court which directed the trial court:

" * * * to cause such reversal with directions to show of record in your court and to issue such process and take such other and further action as may be in accord with right and justice and said opinion."

We conclude that petitioner is entitled to a writ of mandamus directed to the respondent, the Honorable Kenneth Hughes, Judge of the District Court of Creek County, Oklahoma, ordering and commanding him to proceed to hear and determine the issue of accounting between petitioner and R. L. Briggs, giving credit to R. L. Briggs for taxes paid by him on the land involved and charging him for the rental value of the land during his years of occupancy, rendering judgment for such sum as may be found to be due either party after deducting credits due such party for items chargeable to that party; and after a complete accounting has been made in accordance with the judgment rendered in favor of petitioner, to enter judgment charging all court costs to R. L. Briggs and reimbursing petitioner for any sum of court costs paid by him or sums deposited by him with the court clerk under orders of the trial court in the first trial.

Writ of mandamus granted as of this date, Tuesday, June 4, 1957, and the Honorable Kenneth Hughes, District Judge of Creek County, State of Oklahoma, is directed to assign said cause for trial in so far as the same concerns and involves said accounting issue and he shall then and there hear, try and determine said issue of accounting as between said Oscar Lonnie Parks, plaintiff, and the defendant, R. L. Briggs.