Patricia A. DAVIS, Appellee,

v.

Gary B. DAVIS, Appellant.

No. 51198.

Supreme Court of Oklahoma.

March 20, 1979.

Rehearing Denied April 16, 1979.

Lucas & Cate, by C. Bruce Jones, Norman, for appellee.

Michael T. Braswell, Porter & Braswell, Angela Thomas, Intern, Oklahoma City, for appellant.

OPALA, Justice:

The single issue before us is whether husband's decree-imposed obligation to pay a debt jointly incurred by the spouses during their matrimony was effectively discharged in bankruptcy or constituted nondischargeable "spousal support liability".

The obligation in question, tersely described in the divorce decree as "two notes at Security National Bank & Trust Company of Norman", is referred to in wife's application for contempt citation as jointly incurred indebtedness of $2,500.00.

The terms of 11 U.S.C. § 35(a)7 (1970) [in effect at the time of husband's bankruptcy proceeding] declare nondischargeable any liability ". . . for alimony due or to become due, or for maintenance or support of wife or child . . .". Since the factum of husband's general discharge was not in dispute, the wife had the burden of showing that the obligation sought to be enforced by her was nondischargeable in law and hence remained unreleased.[1] Oklahoma follows what appears to be a federally-sanctioned, if not directly mandated, rule that nondischargeability may be established by proof *dehors* the

1. *Hill v. Smith*, 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419 (1923); *Peerson v. Mitchell*, 205 Okl. 530, 239 P.2d 1028, 1030, 26 A.L.R.2d 362 (1950), cert. denied 342 U.S. 866, 72 S.Ct. 106, 96 L.Ed. 652.

judgment roll.[2] This is especially true where, as here, the judgment roll utterly fails to characterize the obligation in terms of its relation to spousal support liability. The decree merely effects division of property and allocates the burden of indebtedness.

The issue of whether the obligation in question is in the nature of spousal support liability, as opposed to a property rights adjustment, is governed by our state law.[3]

The testimonial evidence admitted identifies the obligation in suit as a "commercial note", jointly signed by the parties, "to go into business" described as one dealing in "Indian jewelry". The business, which was apparently jointly operated, came to be "terminated" in 1976, before the parties were divorced. At the time of the decree the wife was earning $1,000.00 per year more than the husband.

The record is utterly devoid of any nexus between "spousal support liability" and the obligation sought to be enforced. We are constrained to hold the debt in question has no relation to wife's "alimony, support or maintenance". It was hence dischargeable in bankruptcy.[4]

Order holding husband-obligor in contempt is reversed with directions to find him not guilty as a matter of law.

All Justices concur.

---

.2. *Treece v. Treece*, Okl., 458 P.2d 633, 636 (1969); *Erickson v. Beardall*, 20 Utah 2d 287, 437 P.2d 210, 212 (1968); *Lyon v. Lyon*, 115 Utah 466, 206 P.2d 148, 151 (1949). Federal-law derivation of this rule is no doubt traceable to *Pepper v. Litton*, 308 U.S. 295, 305, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939) wherein the Court stated: "As the merger of a claim into a judgment does not change its nature so far as provability is concerned, . . . *so the court may look behind* the judgment to determine the essential nature of the liability for purposes of proof and allowance." (emphasis added); but see *Peerson v. Mitchell*, supra note 1, 239 P.2d at p. 1031, where this court confined to the judgment roll an obligor who sought to show a judgment for dog bite injury was dischargeable because not within the "willful and malicious" tort exception.

3. *In re Cox*, 543 F.2d 1277, 1279 (10th Cir. 1976); *In re Waller*, 494 F.2d 447, 448 (6th Cir. 1974); *Matter of Woods*, 561 F.2d 27 (7th Cir. 1977); *Matter of Cornish*, 529 F.2d 1363 (7th Cir. 1976); *In re Nunnally*, 506 F.2d 1024 (5th Cir. 1975); *Damon v. Damon*, 283 F.2d 571 (1st Cir. 1960); *Nitz v. Nitz*, 568 F.2d 148, 151 (10th Cir. 1977); Deference to state law may be attributable here to the Court's expressions in *DeSylva v. Ballentine*, 351 U.S. 570, 580, 76 S.Ct. 974, 980, 100 L.Ed. 1415, where, in context of copyright litigation, resort was held permissible to state law for definition of "children", since familial relations are created by that law.

4. *Neugebauer v. Neugebauer*, Okl., 548 P.2d 1032, 1036 (1976).