Roger A. ROBINSON, Petitioner,

v.

Edward M. McDANEL, Judge of the District Court of Cleveland County, Oklahoma, Respondents.

No. 74806.

Supreme Court of Oklahoma.

July 17, 1990.

---

9. *Id.*

D. Hays Foster, Oklahoma City, for petitioner.

Don Cook, Edmond, for respondent/real party in interest.

## MEMORANDUM OPINION

SUMMERS, Justice.

Petitioner Roger Robinson was divorced from Susan Daugherty in 1983 in the District Court of Cleveland County. The divorce decree provided for Robinson to pay the debts of the marriage "plus all claims by the Internal Revenue Service for past due taxes ... [and] any and all debts." The decree divided the marital property. No findings pertaining to support were made, nor did the decree award any amount for support.

Robinson filed a petition for bankruptcy in 1987. In the bankruptcy proceeding he sought to discharge his obligations to his former wife arising from the divorce decree. He did not, however, seek to discharge his tax liability as to the Internal Revenue Service. Daugherty appeared in the bankruptcy proceeding and objected to Robinson's efforts to discharge the decree-imposed obligations. She argued that payments in the decree were intended as alimony for support and that the tax obligations were non-dischargeable. The bankruptcy court, after a hearing, denied Daugherty's objection, and subsequently granted a discharge as to all dischargeable debts under 11 U.S.C. § 523.

A few months after the discharge Daugherty filed a citation for contempt in the District Court of Cleveland County, alleging that Robinson had failed to pay the taxes due to the I.R.S. in violation of the divorce decree. Robinson objected to the jurisdiction of the district court on the ground that his obligations under the divorce decree had been discharged. The

trial court overruled the objection and set the contempt matter for trial.

Robinson then sought a writ of prohibition here to prohibit further proceedings in the trial court on the citation for contempt. We assume original jurisdiction pursuant to Art. VII, § 4, of the Oklahoma Constitution, issue a writ of prohibition, and dissolve the temporary stay previously issued herein.

 Property rights embodied in a divorce decree are enforceable as a judgment. *Dickason v. Dickason*, 607 P.2d 674, 677 (Okla.1980). Property rights are also enforceable via the trial court's power of indirect contempt. *McCrary v. McCrary*, 723 P.2d 268 (Okla.1986) and 43 O.S.Supp.1989, § 111 (formerly codified at 12 O.S.Supp.1982, § 1276.2). Bankruptcy courts are frequently called upon to determine whether particular decree-imposed obligations are in the nature of support or property rights. Examples of such are found at *Sylvester v. Sylvester*, 865 F.2d 1164 (10th Cir.1989); *In re Goin*, 808 F.2d 1391 (10th Cir.1987); and *In re Yeates*, 807 F.2d 874 (10th Cir.1986).

██ In this original action we are only concerned with the legal issue as framed by the parties and presented by the record before us. *See, State ex rel. Cartwright v. Dunbar*, 618 P.2d 900, 904 (Okla.1980). Robinson has maintained herein that his decree-imposed obligation for the payment of taxes was discharged *as to Daugherty*. Daugherty has argued that the obligation to pay the taxes to the I.R.S. remains unfulfilled. Daugherty is attempting to force Robinson to pay the I.R.S. by virtue of Robinson's obligation to Daugherty, i.e., the obligation arising from the divorce decree. *The decree-created obligation was discharged.* In *Davis v. Davis*, 593 P.2d 88 (Okla.1979), we held that a discharged decree-imposed obligation could not, as a matter of law, be the basis of a finding of contempt for a party's failure to perform the obligation.

We dissolve the temporary stay issued herein, issue a writ of prohibition, and prohibit the respondent and any other assigned judge of the District Court of Cleve-land County from proceeding further in this contempt action against the petitioner Roger Robinson.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES and DOOLIN, JJ., concur

LAVENDER (joins WILSON, J.), SIMMS (joins WILSON, J.), ALMA WILSON and KAUGER, JJ., dissent.

ALMA WILSON, Justice, concurring in part and dissenting in part:

The majority opinion views the contempt proceeding below as an attempt "... to force Robinson to pay the I.R.S. by virtue of Robinson's obligation to Daugherty, i.e., the obligation arising from the divorce decree. *The decree-created obligation was discharged.*" The debt to I.R.S. was created by Robinson prior to the divorce. The decree merely recognized the debt and ordered Robinson to pay I.R.S. In the event Robinson's former wife was forced to pay the debt due to Robinson's failure to do so, the decree ordered indemnification by Robinson to his former wife.

The majority misperceives the issue herein. The issue is whether the divorce court may enforce its order that Robinson pay the tax debts to third parties by exercise of its contempt powers. The fact that Robinson's (husband's) decree imposed obligation to indemnify Daugherty (wife) was discharged in bankruptcy is not controlling. The controlling fact is the discharge of the tax debts, which was not established in the contempt proceedings below, nor in this original action.

I concur in the Court's assuming jurisdiction in this original action. I dissent from this Court's summary issuance of a writ of prohibition. I would issue a writ of prohibition to enjoin enforcement of the bench warrant issued by the respondent district court judge and direct the district court judge to conduct a fact finding hearing for the purpose of determining whether the tax debts were discharged, and thus, its jurisdiction.

Daugherty requested the trial court to exercise its contempt power against Robin-

**516**

son, not for failure to indemnify her in accordance with the orders in the divorce decree, but for failure of Robinson to pay debts to third parties as ordered in the divorce decree and not discharged in bankruptcy. Robinson asserts that the district court is barred by federal law from exercising its contempt powers to enforce payment of the delinquent tax debts as ordered in the divorce decree. The basis for Robinson's assertion is the discharge by the bankruptcy court of any debt due his former wife to indemnify her for payment of the delinquent taxes and the general discharge order.

Neither the discharge order nor the order in the adversarial proceeding specifies whether the delinquent tax debts are dischargeable or were discharged in bankruptcy. The tax debts referred to in the divorce decree may not have been dischargeable under 11 U.S.C. §§ 507 and 523. If the tax debts were not dischargeable, thus not discharged, then the federal injunction against enforcement proceedings, 11 U.S.C. § 524, does not operate to bar the district court from exercise of its contempt powers.

Crucial to the operation of the § 524 injunction is the issue of whether the involved tax debts were dischargeable and therefore discharged, i.e., tax debts arising out of a business may be taxes held in trust and not dischargeable. The district court should have conducted a hearing wherein the parties could establish whether the tax debts were discharged. A hearing to determine jurisdiction is particularly necessary in a case, as herein, where Robinson, in the adversarial proceeding in the bankruptcy court, sought discharge of his indemnity duty to his former wife while representing that discharge of his obligations to the Internal Revenue Service was not sought.

The indemnity obligation to Daugherty and the tax obligation to I.R.S. are separate and distinct obligations of Robinson, both in bankruptcy and the divorce decree. Title 43 O.S.Supp.1989, § 111 clearly authorizes enforcement by contempt of orders in a divorce decree to pay money to third parties. Further, the fact of dischargeabil-

ity may be established by proof outside the judgment roll. *Davis v. Davis*, 593 P.2d 88 (Okla.1979). Thus, our district courts, when asked to enforce orders for payments to third parties in divorce decrees entered prior to a bankruptcy, should require the bankrupt to establish that the debts were discharged. Only upon such a showing should our district courts refuse to exercise contempt powers under the proscription of 11 U.S.C. § 524.

LAVENDER and SIMMS, JJ., join in this dissent.