MOVANTS TO QUASH GRAND JURY SUBPOENAS ISSUED IN MULTI-COUNTY GRAND JURY CASE NO. CJ–92–4110 BEFORE THE DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma, Petitioners,

v.

Honorable Donald E. POWERS, Presiding Judge of Multicounty Grand Jury in Case No. CJ–92–4110 in the District Court of Oklahoma County, State of Oklahoma, Respondent.

No. 80375.

Supreme Court of Oklahoma.

Oct. 15, 1992.

Rehearing Denied Oct. 29, 1992.

## ORDER

The Court of Criminal Appeals has issued a stay of grand jury subpoenas and has referred the matter to this court for a determination of the issues within this court's jurisdiction. The petitioners have been served with subpoenas by a multi-county grand jury inquiring into alleged unlawful activity arising out of a political campaign. These petitioners moved that the subpoenas be quashed by the judge presiding over the grand jury. He refused and they commenced this original action. Their arguments are that the Ethics Commission should first investigate allegations of criminal activity relating to crimes arising from campaigns for public office, and that the First Amendment to the U.S. Constitution requires quashing the subpoenas. They argue that the grand jury has no jurisdiction to investigate crimes alleged to have arisen from campaigns for public office.

■ Original jurisdiction is assumed under this Court's superintending control over all inferior courts. Okla. Const. Art. 7

§ 4. This controversy presents a question of the respective jurisdictions of the Oklahoma Supreme Court and the Court of Criminal Appeals. There is a dispute as to the respective authority of the Oklahoma Ethics Commission and the multicounty grand jury. The issue of the scope of power and authority of a multicounty grand jury convened by an order of this Court is within the jurisdiction of this Court and is a matter of broad public concern. *State ex rel. Howard v. Oklahoma Corporation Commission*, 614 P.2d 45, 51 n. 8 (Okla.1980). Further, in view of the fact that it was this Court's order of April 30, 1992 that convened the instant multicounty grand jury, and that the authority of the grand jury extends to both the bringing of criminal indictments as well as accusations for removal [See 22 O.S.1991, §§ 357–358] any future determinations of whether this Court or the Court of Criminal Appeals has jurisdiction over matters brought on review or in original proceedings for a prerogative writ concerning this grand jury must be made on a case-by-case basis. *See Hale v. Board of County Commissioners of Seminole County*, 603 P.2d 761 (Okla.1979).

■ Article 2 § 18 of the Oklahoma Constitution states that a multicounty grand jury *"shall* have power to inquire into and return indictments for all character and grades of crimes."* (Emphasis added). In *In re House Bill No. 145*, 205 Okl. 364, 237 P.2d 624 (1951) we noted that the "mandate" of Sections 18 and 19 of Article 2 goes to securing inviolate the right to trial by jury, the number, unanimity, and impartiality of jurors. We indicated that these two constitutional provisions were self-executing and mandatory in these respects. *Id.* 237 P.2d at 627. Likewise, the constitutional language vesting a multicounty grand jury with power to inquire into and return indictments for all character and grades of crimes is self-executing and needs no legislative act to carry it into effect with regard to the power of the grand jury.

While the Legislature may define what constitutes a crime, *Traxler v. State*, 96 Okl.Cr. 231, 251 P.2d 815 (1953), the Legislature may not limit the power of the grand jury to something less than the power to inquire into and return indictments for "all character and grades of crime." The petitioners argue that the power of the grand jury to inquire into particular crimes has been limited by statutory enactment, 74 O.S.1991 §§ 4200, et seq. We now expressly reject such an interpretation of 74 O.S. 1991 §§ 4200, et seq., because it would be contrary to Okla. Const. Art. 2 § 18.

The petitioner's argue that the grand jury is, as a matter of law, performing no legitimate function, because no referral from the Ethics Commission occurred. But the grand jury's power to investigate and indict is, under our reasoning herein, independent of the authority of the Ethics Commission. The constitutionally conferred authority of the multicounty grand jury has not been, nor could it be, narrowed by any legislative grant of power to the Ethics Commission.

Article 29 of the Oklahoma Constitution creates the Ethics Commission. Section 4 of that Article gives that Commission the power to investigate and prosecute in the District Court "violations of its rules governing ethical conduct" in the county where the violations occurred. No provision of Article 29 specifically or by implication limits the power of a grand jury to inquire into and return indictments for all character and grades of crimes. We interpret constitutional provisions in such a way that they harmonize with each other. *Cowart v. Piper Aircraft Corp.*, 665 P.2d 315 (Okla.1983).

■ The petitioners further argue that the grand jury subpoenas should be quashed because questions the witnesses will be asked enjoy a First Amendment privilege that may not be inquired into by a grand jury. It is clear that certain types of political activity may be subject to sanction by the State. *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). In *Buckley* the United States Supreme Court expressly ruled that required disclosure of political contributions did not violate the

First Amendment. *Id.* 424 U.S. at 66, 96 S.Ct. at 657.

In *State ex rel. Oklahoma Bar Association v. Moss,* 794 P.2d 403 (Okla.1990), we discussed the exercise of the Fifth Amendment privilege in response to questions. We explained that the Fifth Amendment privilege did not prohibit the asking of an incriminating question—rather that the Fifth Amendment privilege must be invoked in response to specific questions. *Id.* 794 P.2d at 410 n. 6. We said "The trial court must then determine if the invocation of the privilege is proper for the specific question asked." *Id.*

Here the petitioners seek to not appear before the grand jury. They contend that their invocation of the First Amendment free speech provision bars any questions concerning their political activities. Their invocation of the First Amendment is not sufficient to quash the grand jury subpoenas. We hold that assuming, but without deciding, that while such a First Amendment privilege may come into existence under particular facts, it does not authorize the quashing of these grand jury subpoenas. The presiding judge of the grand jury has the power to rule on any claimed privilege on which the petitioners desire to rely when the privilege is invoked. *State ex rel. Oklahoma Bar Association v. Moss, supra.*

The petitioners' application for relief from the Judge's order that requires them to comply with the subpoenas cannot be granted.

The Court of Criminal Appeals has entered a stay on the grand jury proceedings as to the questioned subpoenas. Our interpretation of that stay is that it should remain in effect until such time as the issue of the legality of the subpoenas had been determined. We declare that stay dissolved by its own terms upon the issuance of the order herein.

This is an original action and our disposition herein is effective when entered. Supreme Court Rule 42. Rehearing time may be shortened when necessary. See *Cooper v. Dix,* 771 P.2d 614 (Okla.1989), (3 days); *Helm v. Slater,* 664 P.2d 377 (Okla.1983), (7 days); *Moore v. Hayes,* 744 P.2d 934 (Okla.1987), (10 days); *Application of Oklahoma Turnpike Authority,* 770 P.2d 16 (Okla.1989), (10 days). The petitioners shall have five days from the date this order is filed with the Clerk of this court to file a petition for rehearing.

HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, SUMMERS and WATT, JJ., concur.

KAUGER, J., concurs in result.