Charlene Marie RIEDEL, Appellee,

v.

Kevin Scott RIEDEL, Appellant.

No. 78394.

Court of Appeals of Oklahoma, Division No. 3.

Dec. 8, 1992.

---

Michael L. Harris, Oklahoma City, for appellant.

Roma McElwee, Oklahoma City, for appellee.

## OPINION

BAILEY, Presiding Judge:

Appellant, Kevin Scott Riedel (Husband), seeks review of the Trial Court's order finding him in contempt of court for failure to indemnify Appellee, Charlene Marie Riedel (Wife), against liability on a divorce decree-imposed obligation, and modifying Husband's child support obligation. Specifically, Husband asserts (1) the Trial Court's lack of jurisdiction to entertain an application for contempt citation for failure to pay a debt discharged in Husband's post-divorce bankruptcy, and (2) Wife's failure to prove the requisite material change of circumstances for modification (increase) of Husband's child support obligation.

Husband and Wife divorced by decree dated October 19, 1989. In the decree, the Trial Court ordered Husband to pay certain jointly incurred debts, and to hold Wife harmless from any liability arising therefrom. Further, and apparently in consideration of the debt allocation, the Trial Court deviated from the Child Support Guidelines and reduced Husband's monthly child support from that mandated by statute.

Husband subsequently filed a voluntary petition in bankruptcy listing the decree-imposed debts and creditors,[1] gave notice to the listed creditors, and obtained discharge. However, Husband did not list Wife as a creditor under the hold-harmless provision of the parties' divorce decree, and Wife received no notice of Husband's bankruptcy action. One of the discharged creditors, ITT, later instituted collection proceedings against Wife, and obtained judgment.[2]

Wife thereafter filed her application for contempt citation alleging Husband's failure to pay the ITT debt as ordered and violation of the hold-harmless provisions of the decree. Wife also sought modification (increase) of Husband's child support obligation. Husband moved to dismiss the application for contempt citation, claiming discharge of the ITT debt in bankruptcy.

After hearing, the Trial Court denied Husband's motion to dismiss, found Husband guilty of contempt and sentenced Husband to thirty days in the county jail, but deferred sentence on condition of Husband's payment to Wife of $400.00 in lump sum and $100.00 per month until the ITT judgment (including interest) had been paid. The Trial Court also granted Wife's motion to modify and ordered child support calculated pursuant to the Child Support Guidelines without deviation, resulting in a modest increase in Husband's monthly child support obligation. Husband appeals.

Husband first alleges error of the Trial court in denying his motion to dismiss Wife's application for contempt citation, pointing to his discharge from the underlying debt in bankruptcy and arguing Wife

---

1. Husband listed five debts in his bankruptcy petition, four of which allocated to Husband in the divorce decree, and the fifth, the mortgage on the home awarded to Wife, allocated to Wife in the decree.

2. Settlement of which required Wife to pay the debt of approximately $4020.00 at the rate of $100.00 per month.

may not enforce Husband's indemnity obligation relative thereto by contempt. We must therefore decide whether Husband's bankruptcy discharge of the underlying debt rendered his decree-imposed obligation to indemnify Wife unenforceable, or whether, on the other hand, the hold-harmless provision constitutes a matter of support not discharged in bankruptcy, and enforceable by contempt proceedings.[3]

On this issue, Husband argues the issue of dischargeability of support obligations should be determined under the Bankruptcy Code rather than by state law.[4] Although bankruptcy courts frequently determine whether particular decree-imposed obligations constitute matters of support or property,[5] the Oklahoma Supreme Court has held the issue is governed by state law.[6] In the present case, however, we need not decide the issue of dischargeability of the obligation; rather, we need only determine whether this particular decree-imposed obligation may be enforced by contempt.[7]

In that regard, if the decree-imposed obligation stands in the nature of support, i.e., having some nexus to Husband's support obligation, recourse to the "coercive process of contempt" may be had to enforce performance of the obligation.[8] Stated otherwise, if the debt ordered paid by Husband is an integral part of an award for support, that debt may be enforced by contempt proceedings.[9]

In the present case, the decree of divorce states Husband's monthly "Total Child Support Obligation" to be $440.83. The decree also states:

[Wife] is willing to set the amount at $400.00 upon consideration of debts allocated to both parties.

Further, the Child Support Computation form attached to the decree and made a part thereof reflects the Guidelines were followed "to a point." In support of deviation from the Guidelines, the Trial Court made the following specific findings of fact:

**3.** *Robinson v. McDanel,* 795 P.2d 513 (Okl.1990) (Husband ordered to pay IRS debt in divorce decree and to hold wife harmless, Husband sought/obtained bankruptcy discharge of his indemnity obligation to Wife, and Wife sought to enforce husband's obligation to the IRS through contempt proceedings; held, the decree-imposed obligation to wife had been discharged and may not, as a matter of law, be the basis of finding husband in contempt of court for failure to perform his obligation to the IRS; that is, wife may not force Husband to pay IRS by virtue of husband's discharged obligation to wife); *Potter v. Wilson,* 609 P.2d 1278 (Okl.1980) (Husband sought to enforce, through contempt proceedings, decree-imposed obligation of wife to hold husband harmless from any indebtedness of business awarded to wife; held, non-maintenance monetary awards or debt obligations are not enforceable by contempt proceedings, and debt or obligation must have some "nexus" to support in order for contempt to lie); *Davis v. Davis,* 593 P.2d 88 (Okl.1979) (Court found it had jurisdiction to decide whether husband's decree-imposed obligation to pay a debt jointly incurred by husband and wife during marriage was discharged in bankruptcy or constituted non-dischargeable support liability enforceable by contempt proceedings, determining this debt to be in the nature of a property division and, thus, dischargeable in bankruptcy.)

**4.** *In re Burns,* 21 B.R. 909 (Bankr.W.D.Okl. 1982).

**5.** *Robinson,* 795 P.2d at 515.

**6.** *Davis,* 593 P.2d at 88 (citations omitted).

**7.** Having so held, and although not necessary for resolution of this case, we note two "debt" obligations imposed on Husband by the parties' divorce decree: one to ITT, and the other to Wife under the hold-harmless provision, i.e., an indemnity against liability, for the ITT debt. *See, Robinson,* 795 P.2d at 513. This indemnity provision of the decree gives rise to an additional obligation of Husband to Wife. While Husband obtained a discharge of his personal obligation to ITT in bankruptcy, we believe Husband's bankruptcy discharge does not release Husband from the decree-imposed hold-harmless obligation to indemnify Wife against liability on marital debts allocated to him, particularly in the absence of Husband's listing of this obligation in his bankruptcy case. *See also,* 11 U.S. 1986 § 523(a)(3) (discharge in bankruptcy does not discharge an individual debtor from any debt neither listed nor scheduled with the name of the creditor).

**8.** *Potter,* 609 P.2d at 1281.

**9.** *Cf, Dickson v. Dickson,* 637 P.2d 110, 113 (Okl. 1981) ("Contempt proceedings may be had to enforce any order of the court incorporated in a decree of divorce for the payment of money, ...," and distinguishing *Potter.*

By factoring—in debts (prior to [Wife] agreeing to take on Penneys debt in addition) the obligation was approximately $400.00. [Wife] agrees to maintain that level out of fairness.

Moreover, in allowing enforcement of Husband's indemnity obligation by contempt notwithstanding Husband's bankruptcy discharge of the underlying ITT debt, the Trial Court specifically stated that the debt allocation was "support in nature and ... tied to support by virtue of the child support guidelines and the statement therein." Thus, because the debt allocation in the present case bears a direct relation to Husband's child support obligation,[10] Husband remains liable to Wife under the hold-harmless provision of the parties' divorce decree,[11] and Wife may enforce that liability by contempt.[12] The Trial Court so held, and we agree.

Husband secondly complains of error by the Trial Court in granting Wife's motion to modify child support, arguing in essence that Wife failed to demonstrate the requisite "material" change of circumstances warranting modification. In support thereof, Husband points out that since the Guidelines' formula is based upon changes in the combined income of the parties, any resulting percentage change in child support must be "material," as opposed to modest or negligible. While admitting Oklahoma has no case law on point, Husband cites law from other jurisdictions establishing a range of ten to twenty-five percent increase in support as "materi-

al,"[13] asserting that although his income increased twelve percent (12%), Wife's income had increased twenty percent (20%), and thus, any change in circumstances since entry of the initial decree was not material.

▓▓▓ The record reflects Husband's total child support obligation increased $35.00 per month. While such an increase may seem negligible to Husband, we refuse to hold as a matter of law that this increase does not reflect a "material" change. In that regard, modification of child support obligations is a matter addressed to the sound discretion of the Trial Court whose rulings thereon will not be disturbed absent (1) a showing of abuse of discretion, or (2) that the determination thereof is against the clear weight of the evidence.[14] In view of the evidence of the increased costs of maintenance of the child, the parties' relative incomes, and Husband's decreased debt, we find no abuse of discretion by the Trial Court in increasing Husband's child support obligation in conformity with the Child Support Guidelines.

The order of the Trial Court finding Husband in contempt and modifying Husband's child support obligations is therefore AFFIRMED.

HUNTER, J., concurs.

HANSEN, V.C.J., concurs in result.

**10.** *Cf., Potter,* 609 P.2d at 1280.

**11.** *See also,* 11 U.S. 1986, 523(a)(5)(B) (bankruptcy discharge does not discharge an individual debtor from any debt to a spouse or child for support in connection with a divorce decree or other order of a court of record or property settlement agreement *but not* to the extent that such debt includes a liability designated as support *unless* such liability is actually in the nature or support).

**12.** While we admit *Potter* dealt with debt allocation vis-a-vis *spousal* support and held such obligation, having a nexus to spousal support, enforceable by contempt, we see no practical reason to distinguish that case from the present case involving debt allocation vis-a-vis *child* support, in the presence of a nexus between the

debt and the support, therefore likewise enforceable by contempt.

**13.** Jurisdictions recognizing twenty-five percent (25%) increase in support as "material": Md. Code Ann., Fam.Law § 12–104; Or.R.S. § 25.-285; Utah Code Ann. §§ 62A–11–320.5, 78–45–7.2; Wash.Rev.Code § 26.09.170.

Jurisdictions recognizing ten percent (10%) increase in support as "material": Rule 32, Ala. Rules of Jud.Ap.; Colo.Rev.Stat. §§ 14–10–122, 26–13–105(2), 26–13–106(2), 121; Kan.Ct. R.Adm. Order No. 75; R.I.Gen.Laws § 15–5–16.2.

**14.** *Wade v. Wade,* 570 P.2d 337 (Okl.1977); *Huchteman v. Huchteman,* 557 P.2d 427 (Okl. 1976). See also, *Wilson v. Wilson,* 738 P.2d 1382 (Okl.App.1987).