CHRONIC PAIN ASSOCIATES,
INC., Petitioner,

v.

The Honorable Sharron BUBENIK,
Judge of the District Court, 14th
Judicial District, Respondent.

Stephen R. GILLILAND,
M.D., Petitioner,

v.

Honorable James P. GARRETT, Honorable Carl B. Jones, Honorable Glen D. Adams, Judges of the Court of Appeals of the State of Oklahoma, Division I, and Honorable Sharron K. Bubenik, Judge of the District Court of Tulsa County, State of Oklahoma, Respondents.

CHRONIC PAIN ASSOCIATES,
INC., Petitioner,

v.

The Honorable Sharron K. BUBENIK,
Judge of the District Court of
Tulsa County, Respondent.

Nos. 80911, 80979 and 83204.

Supreme Court of Oklahoma.

Nov. 15, 1994.

---

Mark T. Koss, Michael McNulty, McNulty, Koss & Bumgarner, Oklahoma City, and Gordon L. Patten, Tulsa, for petitioner Chronic Pain.

Donald E. Herrold and Jack N. Herrold, Herrold, Herrold & Davis, Tulsa, for real party in interest.

SUMMERS, Justice.

This proceeding involves two original actions between the same parties in this Court, Okla.Sup.Ct. Nos. 80,911 and 83,204, both of which arise from a controversy in the District Court of Tulsa County. Cause No. 80,-911 is the surviving number after consolidation with yet a third original action, No. 80,979. We do not consolidate the actions, but issue one opinion resolving both.

The case concerns a physician, Gilliland, the doctor's former employer, Chronic Pain Associates (Chronic Pain), and arbitration of the doctor's claim based on contract upon termination of his employment. An arbitration award was entered for the doctor. At a confirmation hearing before the trial court Chronic Pain objected to the award on the basis that one of the arbitrators was not impartial. The trial court overruled the objection and Chronic Pain appealed, (Okla. Sup.Ct. No. 72,113).

Chronic Pain also sought to vacate the award in the District Court based upon allegations of fraud. The trial court held a hearing and sustained a demurrer to the evidence on the basis that no fraud existed. Another appeal was made, (Okla.Sup.Ct. No. 73,235). The two appeals were consolidated.

The Court of Appeals issued an opinion concluding that sufficient evidence of fraud was presented that it was error to have sustained the demurrer. The matter was remanded to the trial court. Both parties sought certiorari from this Court, and both petitions were denied.

On remand the trial court vacated the order that sustained the demurrer to the evidence. It required a supersedeas in the form of a letter of credit to replace the prior supersedeas. The trial court also ordered the parties to re-arbitrate the controversy *de novo*.

CAUSE NO. 80,911 (Consolidated with Former Cause No. 80,979)

Chronic Pain then filed an application for extraordinary relief in the Oklahoma Supreme Court, and argued that the trial court order was inconsistent in requiring both *de novo* arbitration and a supersedeas.[1] A few days later Dr. Gilliland sought original jurisdiction relief in this Court, and requested mandamus on the basis of an allegation that the Court of Appeals failed to decide an issue in the consolidated appeal.[2] The parties agreed that the trial court order was inconsistent. The trial court stayed its order pending the Supreme Court's action on these two actions seeking extraordinary relief.

This Court then assumed original jurisdiction and consolidated the two original actions, Nos. 80,911 and 80,979, into cause No. 80,911. On May 24, 1993 we denied the petition for mandamus directed at the Court of Appeals. That order also vacated that part of the trial court's order requiring a *de novo* hearing at the arbitration level. This Court explained that the trial court was without authority to order *de novo* arbitration until the fraud issue was determined. We said:

On the final determination of that issue, if fraud is determined, then the arbitration award must be set aside and new arbitration proceedings ordered de novo. If no fraud is finally determined, then the award and subsequent judgment stands.

Order of Supreme Court, May 24, 1993, at 2.

We issued the writ requiring the trial court to hear and determine the fraud claim and leave the supersedeas in effect.

Then the trial court held its evidentiary hearing. That court filed an order on January 21, 1994 which concluded that the arbitration award should not stand and ordered a new arbitration. Motion for New Trial was filed (Jan. 31, 1994), and then overruled (March 3, 1994), and a "Journal Entry of Judgment" was filed (May 9, 1994). A petition in error was filed (April 1, 1994) and an amended petition in error was filed (June 2, 1994).[3] That appeal is not before us in this proceeding.

On March 4, 1994 Dr. Gilliland filed an application in No. 80,911 for an order to enforce the writ of mandamus issued May 24, 1993. He argued that the trial court had failed to find the presence of fraud, and that court was thus required to confirm the award pursuant to the language of our order issued May 24, 1993. We declined to assume original jurisdiction on this application by an Order of May 3, 1994.

■ Even though our Order of May 3, 1994 declined to assume original jurisdiction Dr. Gilliland filed an application for leave to file a petition for rehearing. He argues that the application for rehearing was proper. His position is that the application was for an order to enforce a writ in a case where original jurisdiction had already been assumed, and that he need not petition the Court to assume original jurisdiction. He is incorrect.

1. *Chronic Pain Associates v. The Honorable Sharron K. Bubenik,* Okla.Sup.Ct. No. 80,911, petition for relief filed January 11, 1993.

2. *Stephen R. Gilliland, M.D. v. Honorable James P. Garrett, et al.,* Okla.Sup.Ct. No. 80,979, petition for relief filed January 20, 1993.

3. *Gilliland v. Chronic Pain etc.,* Okla.Sup.Ct. No. 83,339.

**1362** ■ 

Historically, the enforcement of this Court's dispositional orders has been by an original action for mandamus.[4] For example, when this Court exercises appellate jurisdiction and renders an opinion it issues an order requiring the lower tribunal to comply with the opinion. This order is referred to as a "mandate" or "writ of mandate", and is a type of writ of mandamus. Enforcement of this order or writ is by an original jurisdiction proceeding and a writ of mandamus from this Court. *Parks v. Hughes,* 312 P.2d 435, 437–438 (Okla.1957); *Harris v. Chambers,* 121 Okla. 75, 247 P. 695, 696 (1926). The same principle applies to original jurisdiction proceedings.

The argument of Dr. Gilliland is that once this Court assumes original jurisdiction in a cause it does so with regard to all issues that arise from the enforcement of this Court's order in the trial court. This is incorrect. In *Robinson v. McDanel,* 795 P.2d 513 (Okla.1990) we said that "In this original action we are only concerned with the legal issue as framed by the parties and presented by the record before us." *Id.* 795 P.2d at 515. When this Court assumes original jurisdiction it does so on the basis of the facts presented at that time, and to address those matters considered in the opinion or order of this Court. The Court's assumption of original jurisdiction does not include subsequent applications for mandamus to enforce the Supreme Court order in a trial court.

This Court may assume original jurisdiction to enforce its orders issued in previous original jurisdiction proceedings. *State ex rel. Commissioners of Land Office v. Keen,* 191 Okla. 697, 138 P.2d 78 (1943); *State ex rel. Poulos v. State Bd. of Equalization,* 646 P.2d 1269 (Okla.1982). But a litigant may not successfully invoke this Court's original jurisdiction as a matter of right when seeking our supervisory control over a District Court. We may decline to assume

original jurisdiction, and several examples are found in our published opinions. For example, an application for mandamus to enforce an appellate mandate may be denied because of the circumstances of the case. *State ex el. Goldsborough v. Huston,* 28 Okla. 718, 116 P. 161, 162 (1911). *Cf. State ex el. Blankenship v. Atoka County,* 456 P.2d 537, 541 (Okla.1969), (original jurisdiction may be declined when facts are insufficient or inadequately developed). An application to enforce a prior order of this Court may, for example, be similarly insufficient.

In summary, Dr. Gilliland's March 4, 1994 application in No. 80,911 was properly treated as one requesting this Court to assume original jurisdiction. We declined to assume jurisdiction upon that application. No application for rehearing may be addressed to an order denying an application to assume original jurisdiction. Oklahoma Supreme Court Rule 40, 12 O.S.1991, Ch. 15, App. 1. Dr. Gilliland's application for rehearing in Okla. Sup.Ct. No. 80,911 is unauthorized and is hereby stricken.

The order of May 3, 1994 was a final order not subject to rehearing. On October 12, 1994 Dr. Gilliland filed an application in this Court for leave to present newly discovered evidence. Chronic Pain responded and Gilliland replied. On October 21, 1994 Chronic Pain advised the Court that the trial judge recused herself from further participation. These pleadings request relief from this Court in the exercise of its original jurisdiction powers. We hereby decline to assume original jurisdiction as requested in these instruments.

We *sua sponte* invoke our superintending power pursuant to Art. VII § 4 of the Oklahoma Constitution to correct the vote on the order of May 3, 1994 denying Gilliland's application. One Justice of this Court disqualified himself from participating in another cause before this Court that involved a lawyer who also appeared as a lawyer in cause No. 80,911.

---

4. A court may also enforce its orders by use of its contempt powers. *Garroutte v. Garroutte,* 455 P.2d 306 (Okla.1969). The scope of this Court's contempt powers is not before us in this proceeding.

We first note that no statutory grounds for disqualification are present. 20 O.S.1991 § 1401. No allegation of impropriety is involved. The allegation was made on rehearing that disqualification should have occurred because the Justice is a neighbor to one of the lawyers of record. We note that no motion to disqualify the Justice was made; rather a "Notice" was filed mentioning that he had disqualified in other cases. We also note that the Justice did disqualify himself after Dr. Gilliland asked for a disqualification in his petition for rehearing and pointed out the Notice. In No. 80,911 the order of May 3, 1994, denying Gilliland's application to assume original jurisdiction shall be corrected to show the following vote:

**Concur: Lavender, V.C.J., Simms, Hargrave, Wilson, Summers, JJ.**

**Dissent: Opala, Watt, JJ.**

**Disqualified: Hodges, C.J.**

▮▮ Dr. Gilliland seeks to enforce the order of May 24, 1993. A review of this Court's docket shows that no motion or notice for disqualification was filed prior to that order. Disqualification of a judge is based upon a timely request. *State ex rel. Warner v. Fullerton,* 76 Okla. 35, 183 P. 979, 980 (1919). No party has challenged the order of May 24, 1993 based upon the vote therein. The order of May 24, 1993 remains as issued. Chronic Pain's motion for sanctions is denied.

### CAUSE NO. 83,204

In cause No. 83,204, Chronic Pain requested this Court to assume original jurisdiction and issue a writ of mandamus to the trial court. Chronic Pain argued that the underlying arbitrator's award was vacated, that a trial *de novo* had been ordered to be held before a new panel of arbitrators, and that the trial court had denied Chronic Pain's

motion to release the supersedeas bond. Chronic Pain sought mandamus to compel the release of the bond.

On May 2, 1994 we assumed original jurisdiction and issued a writ of mandamus compelling the trial court to release the supersedeas bond. Then on May 11, 1994 Chronic Pain filed in this Court an application to enforce the writ in the trial court. Dr. Gilliland responded with an application for an emergency stay of the writ pending resolution of cause No. 80,911. Chronic Pain then responded by requesting that sanctions be assessed against the doctor in the form of costs and attorney's fees. We simultaneously resolve Nos. 80,911 and 83,204 and need not address the merit of Dr. Gilliland's application for an emergency stay. We hereby deny the motion for attorney's fees and costs.

▮▮ In cause No. 83,204 Dr. Gilliland filed an application for rehearing, challenging the writ of mandamus issued on May 2, 1994. Rehearing is granted but only for the limited purpose of correcting the vote on the writ. In Okla.Sup.Ct. No. 83,204 the vote on the writ issued on May 2, 1994 shall be corrected to the following vote:

**Concur: Lavender, V.C.J., Simms, Hargrave, Kauger, Summers, JJ.**

**Dissent: Opala, Wilson, Watt, JJ.**

**Disqualified: Hodges, C.J.**

▮▮ The petition for rehearing also argues that the Court improperly issued mandamus because it was not issued on an affidavit as required by statute. Dr. Gilliland relies upon statute and three opinions. These opinions do not address the procedure to be followed by this Court in issuing a writ of mandamus pursuant to Okla. Const. Art. VII § 4.[5] The statutory procedures for a writ do not necessarily govern the exercise of power

---

5. The three opinions are not instructive. *Dale v. City of Yukon,* 618 P.2d 954 (Okla.App.1980), is an opinion that is not of binding precedential value as it was released for publication by order of the Court of Appeals. See 12 O.S.1991 Ch. 15, App. 2, Rule 1.200(C)(B). *Pallidy v. Beatty,* 15 Okla. 626, 83 P. 428 (1905) is an appellate opinion applying a Territorial statute and an application for mandamus in the trial court. *Collett v. Allison,* 1 Okla. 42, 25 P. 516 (1890) is an exercise of original jurisdiction by the Territorial Supreme Court some years prior to the creation of Art. VII § 4 (Art. VII § 2 in 1907).

by this Court in issuing a similarly named writ pursuant to Okla. Const. Art. VII § 4. *Ingram v. Oneok, Inc.*, 775 P.2d 810, 812 (Okla.1989). The extent to which this Court must follow legislative procedural requirements in issuing original jurisdiction writs is not briefed or argued by Dr. Gilliland, and we decline to address arguments not briefed.

Dr. Gilliland's other claims on rehearing center on the argument that the writ issued May 2, 1994 is inconsistent with the writ issued May 24, 1993 in No. 80,911. He argues that the trial court could not order rearbitration without also finding the existence of fraud, and that the trial court did not make such finding. He states that the writ of May 2, 1994 is necessarily inconsistent with this argument. We decline to assume jurisdiction to address his underlying argument,[6] but we do conclude that the doctor is incorrect as to the scope of this Court's writ issued on May 2, 1994.

The writ issued May 2, 1994 involved a single and narrow issue. We issued the writ and stated that no supersedeas could be ordered in the absence of a money judgment supported by an arbitration award. Whether the trial court was possessed of the authority to order rearbitration as it did has never been an issue examined by this Court in the exercise of its original jurisdiction. The writ in No. 83,204 addressed solely the supersedeas issue, and not the propriety of the underlying order.

Dr. Gilliland raised the issue of the trial court's order of re-arbitration by his March 4, 1994 application in No. 80,911, and we declined to assume original jurisdiction. He again raises this issue in No. 83,204, and we again decline to assume original jurisdiction to address this argument. His petition for rehearing is hereby denied, and the writ stands issued as it was on May 2, 1994, with the vote as corrected herein.

Chronic Pain filed an application in this Court for enforcement of the May 2nd writ in the trial court. It did so because the trial court declined to enforce the writ while a rehearing was being sought in No. 80,911.

■ In all original proceedings, other than those to review a decision of the Workers' Compensation Court or to impose bar discipline, the decision of this Court shall become effective when the opinion or order is filed with the Clerk of this Court, unless this Court stays the effective date. 12 O.S.1991 Ch. 15, App. 1, Supreme Court Rule 40(a); *Movants to Quash Grand Jury Subpoenas v. Powers*, 839 P.2d 655, 656 (Okla.1992); *State ex rel. Independent School Dist. No. 1 of Oklahoma County v. Barnes*, 762 P.2d 921, 924 (Okla.1988). The effective date for an order or opinion issued in the exercise of our original jurisdiction, except in bar and workers' compensation cases, is *not* stayed during the time for filing and consideration of a petition for rehearing. See *Movants to Quash Grand Jury Subpoenas v. Powers*, *supra*, where (1) we explained that our opinion was effective upon filing with the clerk, and (2) we shortened the time for filing a petition for rehearing. *Id.* 839 P.2d at 656. A writ issued in the exercise of this Court's original jurisdiction needs no further order by this Court for the writ to be effective, and its observance by the trial court is mandatory upon that effective date without regard to rehearing, unless stayed by an order this Court.

No specific relief was prayed for by Chronic Pain's application and brief, and we construe it as one for this Court to assume original jurisdiction. Chronic Pain, like Gilliland in cause No. 80,911, argues that this Court retains jurisdiction over an order of this Court to subsequently issue another order of enforcement in the same proceeding. Chronic Pain relies upon *State ex el. Smith v. Dist. Court of Osage County*, 188 Okla. 663, 112 P.2d 381 (1941) and *Parks v. Hughes*, 312 P.2d 435 (Okla.1957). These opinions do not support the proposition argued, since both

---

6. We note that in Cause No. 80,911 Gilliland filed an affidavit of the trial judge stating that she found no evidence of fraud. We have declined to review by an original jurisdiction action the trial judge's order, and draw no conclusions as to the correctness of the allegations of either side to this dispute.

are examples of the court enforcing prior orders by separate proceedings.[7]

Chronic Pain also cites "12 O.S. §§ 1451, et seq." as authority for this Court exercising jurisdiction in one proceeding for the purpose of issuing a writ and subsequently issuing further orders for enforcing the writ. Chronic Pain cites to no specific statutory language. One mandamus statute, 12 O.S. § 1462, provides for imposing a penalty for the failure to perform according to a writ of mandamus. Chronic Pain does not seek this remedy and we have no briefed argument before us claiming such remedy or reliance upon it. We hereby decline to assume original jurisdiction upon Chronic Pain's application.

## SUMMARY

Dr. Gilliland's application for rehearing in consolidated cause Okla.Sup.Ct. No. 80,911, is denied because no rehearing may be sought from an order of the Court declining to assume original jurisdiction. The Court assumes original jurisdiction *sua sponte* in cause No. 80,911 to correct the vote in the order of the Court of May 3, 1994. The motion for sanctions in No. 80,911 is denied.

The Court grants rehearing in cause No. 83,204 for the limited purpose of correcting the vote on the order of May 2, 1994 granting the writ of mandamus. The petition for rehearing in No. 83,204 is denied in all other respects. The application for a temporary stay in No. 83,204 is denied. The motion for sanctions and attorney's fees in No. 83,204 is denied.

The Court declines to assume original jurisdiction upon all other requests for relief made by the parties.[8]

LAVENDER, V.C.J., and SIMMS, HARGRAVE, KAUGER and WATT, JJ., concur.

OPALA, and ALMA WILSON, JJ., concur in part, dissent in part.

HODGES, C.J., disqualified.

---

7. In *Smith* the court assumed original jurisdiction in cause Okla.Sup.Ct. No. 30,204 and granted mandamus to enforce the mandate issued in consolidated causes Okla.Sup.Ct. Nos. 27,967 and 27,968. In *Parks* the court assumed original jurisdiction in cause Okla.Sup.Ct. No. 37,409 to enforce the mandate issued in cause Okla.Sup.Ct. No. 34,968.

8. An order declining to assume original jurisdiction does not act as a barrier to addressing the merits of the controversy in a subsequent appeal. *Hadnot v. Shaw,* 826 P.2d 978, 981 n. 8 (Okla. 1992).