**Jane OWENS, Appellee,**

v.

**Clifton L. OWENS, Appellant.**

No. 83425.

Court of Appeals of Oklahoma, Division No. 3.

Jan. 24, 1995.

As Corrected on Limited Grant of Rehearing; Rehearing Otherwise Denied March 28, 1995.

Certiorari Denied May 22, 1995.

Thomas S. Landrith, Ada, for appellee.

Michael J. Tullius, Oklahoma City, for appellant.

### MEMORANDUM OPINION

HUNTER, Judge:

The parties were divorced on February 26, 1992. An agreement was reached by the parties regarding the division of the marital property and debts. Pursuant to the divorce decree, Appellant was ordered to pay two mortgages on the parties' jointly held real property including the marital home where Appellee continued to live, terminable only upon Appellee's remarriage. Upon Appellee's remarriage, she was to assume and pay the balances due on the debts. The decree also provided that each party would hold the other harmless from enforcement of payment of the debts and indemnify the other for any payments made, property loss or expenses incurred therein.

Appellant made the mortgage payments for one year after the divorce and then stopped making the payments. In January, 1993, Appellant filed for bankruptcy. He did not name Appellee as a creditor, but did request discharge of the debts under the names of the mortgage holders. Appellant's debts, including the two mortgages set forth in the divorce decree, were discharged in bankruptcy. Meanwhile, Appellee made the mortgage payments in order to avoid foreclosure.

In June, 1993, Appellee filed a Motion to Reduce Back Orders to Judgment in order to

collect the arrearages owed to her under the terms of the divorce decree. Appellant filed a writ of prohibition challenging the district court's jurisdiction to hear the case in light of the federal bankruptcy proceeding, which was denied by the Supreme Court. The district court then conducted an evidentiary hearing to determine whether the two debts were dischargeable in bankruptcy. The district court determined that the debts were in the nature of support alimony and therefore were not dischargeable. The trial court granted Appellee's Motion to Reduce Back Orders to Judgment and entered judgment against Appellant for $14,494.61. Appellant lodged this appeal, claiming the trial court's decision is against the weight of the evidence and is contrary to law.

 In cases of equitable cognizance such as the one at bar, the judgment of the trial court will not be disturbed on appeal unless it is clearly against the weight of the evidence. *Carlile v. Carlile*, 830 P.2d 1369 (Okl.1992). Dischargeability of a debt is to be determined by federal bankruptcy law. *Sylvester v. Sylvester*, 865 F.2d 1164, 1166 (10th Cir.1989). The question of whether a decree-imposed obligation to pay a jointly incurred marital debt was effectively discharged in bankruptcy or constituted non-dischargeable support has been held by the Oklahoma Supreme Court to be governed by state law. *Davis v. Davis*, 593 P.2d 88 (Okl. 1979). However, the federal courts have ruled that the ultimate determination of a divorce decree's award characterization as support alimony or property settlement is governed by federal bankruptcy law rather than state law, but state law remains applicable in providing guidance to the federal court in enunciating considerations used by the divorce court. *Sylvester v. Sylvester*, supra; *In re Degraffenreid*, 101 B.R. 688 (Bankr. E.D.Okl.1988). The state district court has concurrent jurisdiction with the federal bankruptcy court to conduct an evidentiary hearing to determine this question. See *Riedel v. Riedel*, 844 P.2d 184 (Okl.App.1992); *Davis v. Davis*, supra.

Pursuant to 11 U.S.C. § 523(a)(5), a debt is not dischargeable if it constitutes alimony, maintenance or support. Some of the factors considered by the federal bankruptcy court to determine whether the divorce decree creates a non-dischargeable obligation in the nature of alimony, maintenance or support are: (1) how the state court labeled the award, (2) whether the award appeared in a part of the decree separate and apart from the division of property or debts, (3) whether there was disparity of income so that the recipient spouse needed alimony for support, (4) whether the award helped provide for the necessities of life, (5) whether it was in a definite amount payable over a long period of time, (6) whether the payments were terminable upon death or remarriage of the recipient, and (7) whether the award was modifiable. *In re Lane*, 147 B.R. 784 (Bankr.N.D.Okl.1992).

We find that the provision in the divorce decree that Appellant's obligation to pay the two debts terminates only upon Appellee's remarriage indicates that the obligation created is in the nature of support, despite the fact that the decree does not specifically designate it as such. Thus, the obligation was not dischargeable and the trial court's judgment for Appellee was not clearly against the weight of the evidence.

AFFIRMED.

ADAMS, J., concurs.

GARRETT, C.J., dissents.